137 N.J. Super. 99 (1975)
347 A.2d 822
BEATRICE ZWIRN, ACTING INDIVIDUALLY AND AS ADMINISTRATRIX AD PROSEQUENDUM AND GENERAL ADMINISTRATRIX OF THE ESTATE OF TOBIAS ZWIRN, DECEASED, PLAINTIFF
v.
THE COUNTY OF HUDSON, DEFENDANT.
Superior Court of New Jersey, Law Division.
Decided November 5, 1975.
*101 Mr. G. Martin Meyers for plaintiff.
Mr. David M. Hawkins, Deputy Attorney General, for defendant (Mr. William F. Hyland, Attorney General of New Jersey, attorney).
BILDER, J.S.C.
This is a motion for leave to file a late notice of claim pursuant to N.J.S.A. 59:8-9, a section of the New Jersey Tort Claims Act.
On November 29, 1974 plaintiff's decedent was killed in a two-car head-on collision which occurred on a portion of Route 7 in Kearny known as Cemetery Hill Road. Because of the fact that a death resulted, the accident was thoroughly investigated by the Hudson County Police Department and the Office of the Prosecutor of Hudson County.
On January 9, 1975, in anticipation of a death action against the County of Hudson for improper design and maintenance of the road, plaintiff filed an appropriate notice of claim with that county. It was plaintiff's attorney's belief that the road upon which the accident took place was a county road. This belief was based upon conversations which he had with the county police department as well as the fact that the county police had investigated the accident. On July 16, 1975, some six months later, plaintiff's attorney was notified by the county's insurer that the road belonged, not to the county, but to the State. A subsequent conversation with the Hudson County Engineer's Office seemingly confirmed plaintiff's attorney's initial understanding that this was a county road.
Route 7 is a state highway. It would appear that plaintiff has made a mistake as to fact and has given notice *102 to the wrong public entity. She now seeks leave to file a late notice of claim upon the State of New Jersey Department of Transportation.
In the New Jersey Tort Claims Act the Legislature incorporated a policy of prompt notification by providing that a notice of claim must be given public entities within 90 days. N.J.S.A. 59:8-8. However, a relief mechanism was built into the act in recognition of the injustice that might arise from an unyielding application of this notice provision. This relief was provided in the form of a discretionary right on the part of the Superior Court to permit the filing of a late notice of claim at any time within one year after the accrual of a claim upon affidavits showing sufficient reasons for failure to file notice of claim within the 90-day period; provided that the public entity has not been substantially prejudiced thereby. N.J.S.A. 58:8-9. In exercising that discretion the court must go through a two-step process: (1) it must determine whether there is sufficient reason for plaintiff's failure to file within the 90-day period and (2) it must determine whether the granting of the relief requested will substantially prejudice the public entity.
In the instant case prompt notice in accordance with the requirements of N.J.S.A. 59:8-8 was given to the wrong public entity. The issue before this court is whether excusable neglect or mistake is "sufficient reason" under N.J.S.A. 59:8-9.
While there have been a number of decisions in New Jersey with respect to the exercise of this discretion by the court,[1] the question of whether excusable neglect or mistake is sufficient reason for leave to file a late notice of claim *103 is novel in this jurisdiction.[2] It is not, however, a novel question in other jurisdictions having similar notice provisions with respect to a tort claims act. Excusable neglect has generally been considered to be a "reasonable excuse" for late filing and relief has been granted to the claimant in the absence of prejudice to the state. Annotation, "Attorney's Mistake or Neglect as Excuse for Failing to File Timely Notice of Tort Claim against State or Local Governmental Unit," 55 A.L.R.3d 930 (1974).
New York, in its Tort Claims Act, has a provision analogous to ours giving the court discretion to grant relief from a failure to file within time upon a showing, among other things, of "reasonable excuse." N.Y. Court of Claims Act, § 10 (McKinney 1971). Excusable mistake has been recognized by the New York courts as "reasonable excuse."
In Gross v. State, 9 A.D.2d 594, 189 N.Y.S.2d 522 (App. Div. 1959), plaintiffs were injured on State Highway 32 in Ulster County, when the car in which they were traveling went off the road and struck a tree. Mistakenly believing the road to be a county road, an appropriate notice of claim alleging a defect in the road was filed with the county. After the 90 days allowed in New York for the filing of a notice of claim had expired, plaintiffs learned of their mistake. In affirming the allowance of a late filing by the Court of Claims, the Appellate Division held that this mistake could be reasonable justification to excuse the failure to file within time.
In Lebensfeld v. State, 14 Misc.2d 936, 180 N.Y.S.2d 386 (Ct. Claims 1958), plaintiff was injured by construction debris which she believed the City of New York to be responsible *104 for. An appropriate claim was filed with the City of New York within time. After the 90 days had passed it was discovered that the work was under the control of the State Department of Public Works. Finding plaintiff's mistaken belief to be a reasonable one, the Court of Claims held this to be a reasonable excuse for failure to file within time.
California, upon whose Tort Claims Act our own Act was based,[3] by statute permits the filing of a late claim where the failure to give notice within time was through "mistake, inadvertence, surprise or excusable neglect," unless the public entity establishes the fact that it would be prejudiced. Cal. Government Code, § 946.6(c) (1).[4] Excusable neglect has been defined as "that neglect which might have been the act of a reasonably prudent person under the same circumstances." Tammen v. County of San Diego, 66 Cal.2d 468, 58 Cal. Rptr. 249, 254, 426 P.2d 753, 758 (Sup. Ct. 1967).
I therefore conclude that where a plaintiff's actions have been reasonable and his efforts diligent, excusable neglect or mistake is "sufficient reason" under N.J.S.A. 59:8-9.
Here plaintiff's attorney, under the mistaken belief he was dealing with a county road, gave prompt and proper notice to Hudson County. The belief, though mistaken, was reasonable. County police officers advised him this was a county road, and because a death was involved the accident *105 was exhaustively investigated by the county police and the county prosecutor. When the status of the road came into question, though reassured by the county engineer's office, plaintiff's attorney moved diligently to file a late claim with the State. The court finds plaintiff has shown sufficient reason for her failure to file the notice of claim within the 90-day period and that she has satisfied the requirements of N.J.S.A. 59:8-9 in this regard.
Turning to the question of prejudice, it is the opinion of the court that the State has not been substantially prejudiced by the delay in the filing of a notice of claim with it. The State concedes this. As a result of the death and the filing of a "causing death by auto" criminal complaint, a thorough and exhaustive investigation was made by county officials. All of this material is available to the State.
Plaintiff's motion for leave to file a late notice of claim is granted.
NOTES
[1] Lutz v. Semcer, 126 N.J. Super. 288 (Law Div. 1974), ignorance of the law is not sufficient reason; Wade v. N.J. Turnpike Auth., 132 N.J. Super. 92 (Law Div. 1975), Marino v. Union City, 136 N.J. Super. 233, 345 A.2d 374 (Law Div. 1975), physical incapacity recognized as sufficient reason.
[2] In Dambro v. Union County Park Comm'n, 130 N.J. Super. 450 (Law Div. 1974), plaintiff had similarly given notice to the wrong public entity due to an excusable mistake of fact. However, in that case he had also given sufficient actual notice to the correct public entity, so that the court was able to find that the notice requirements had been substantially complied with.
[3] Dambro v. Union County Park Comm'n, 130 N.J. Super. 450, 456 (Law Div. 1974); Lutz v. Semcer, supra, 126 N.J. Super. at 292.
[4] "The showing required of a petitioner seeking relief under the authority of Government Code, Section 946.6 on the grounds of mistake, inadvertence, surprise or excusable neglect is the same as required under section 473 of the Code of Civil Procedure for relieving a party from a default judgment." Flores v. Board of Supervisors, 13 Cal. App.3d 480, 483, 91 Cal. Rptr. 717, 718 (D. Ct. App. 1970).