147 N.J. Super. 139 (1977)
370 A.2d 886
ANGELA BELL, PLAINTIFF-APPELLANT,
v.
COUNTY OF CAMDEN; CITY OF CAMDEN, A MUNICIPAL CORPORATION OF THE STATE OF NEW JERSEY, AND DELAWARE RIVER PORT AUTHORITY, DEFENDANTS-RESPONDENTS.
Superior Court of New Jersey, Appellate Division.
Argued January 25, 1977.
Decided February 9, 1977.
*140 Before Judges MATTHEWS, SEIDMAN and HORN.
Mr. J. Robert McGroarty argued the cause for appellant.
Mr. John L. Slimm argued the cause for respondent County of Camden (Messrs. Orlando, Forgash & Slimm, attorneys).
Mr. John J. Spence, Jr. submitted a letter on behalf of the respondent City of Camden, adopting the brief of the County of Camden.
There was no appearance nor brief filed on behalf of the respondent Delaware River Port Authority.
PER CURIAM.
The only issue raised in this appeal by plaintiff is with respect to her right to file a notice of claim pursuant to the New Jersey Tort Claims Act (Act), N.J.S.A. 59:1-1 et seq., particularly N.J.S.A. 59:8-9. The trial judge held that she had no such right. We agree with that holding and accordingly affirm.
On April 14, 1973 plaintiff suffered extensive injuries when an automobile driven by her husband and in which she *141 was a passenger collided with a bridge abutment on a street in the City of Camden. A police report filed soon after the accident related that the vehicle struck a bridge abutment at Haddon and Mt. Ephraim Avenues in Camden. It also contained a roughly drawn sketch showing the path of the vehicle before the collision.
Although in August 1973 plaintiff retained an attorney to represent her in connection with the accident, he did not know of the potentiality of a claim against those responsible for the construction and maintenance of the abutment until November 21, 1974. The attorney ordered photographs of the scene in October 1974. When he received the photographs on November 21, 1974 he realized for the first time that defendant governmental bodies might be responsible for damages by reason of negligence in the construction and maintenance of the structure.
He then applied to the trial judge for leave to file a late notice. The judge held that the court was without discretion to grant the application. Accordingly, he denied plaintiff's motion.
Under the first two points of her brief plaintiff argues essentially that because she was so severely injured that she required hospitalization for 62 days of the first 90 days following the accident and 140 of the first 365 days following the accident the trial judge had discretion under N.J.S.A. 59:8-8 and 9 (notice provisions of the Act) to permit the late filing, but abused that discretion in denying leave to file the notice.
The notice provisions of the act are not ambiguous. N.J.S.A. 59:8-8 requires that "[a] claim * * * shall be presented * * * not later than the ninetieth day after accrual of the cause of action." N.J.S.A. 59:8-9 provides that "[a] claimant who fails to file notice of his claim within 90 days * * * may, in the discretion of a judge * * *, be permitted to file such notice at any time within 1 year after the accrual of his claim provided that the public entity has not been substantially prejudiced thereby."
*142 "Accrual" as used in the statute means "the date on which the claim accrued and shall not be affected by the notice provisions contained herein." Comment-1972, following N.J.S.A. 59:8-1. In this instance plaintiff's cause of action accrued on April 14, 1973. Cf. Lutz v. Semcer, 126 N.J. Super. 288, 297 (Law Div. 1974). See also, Tortorello v. Reinfeld, 6 N.J. 58 (1950).
Plaintiff argues that because she was physically incapacitated for a long time as the consequence of injuries that she sustained in the collision the judge would be justified in exercising his discretion favorably. This is not so. The judge is powerless under the statute to exercise any discretion or to act after an interval of one year has elapsed from the date when the cause of action accrued. Both physical incapacity and ignorance of the statutory requirements, where relevant, may be considered by the judge if he has discretion; i.e., within the one-year time interval, Keller v. Somerset Cty., 137 N.J. Super. 1, 5 (App. Div. 1975), but not after the elapse of that time.
Contrary to plaintiff's contention, Lutz v. Semcer, supra, does not support her argument that her disability (even if it contributed to the delay in filing the notice) permits the court to authorize a late notice after the lapse of one year. In that case the court merely held that in the exercise of its discretion it would not permit the filing of a late claim after 90 days even though the application to the court was made within one year from the date of the accrual of the cause of action.
Plaintiff further asserts that, because N.J.S.A. 59:8-8 does not permit a claimant to institute an action until at least six months has elapsed from the date of filing such notice, the time for filing the notice is extended for six additional months. The contrary is implied in Anaya v. Vernon Tp., 139 N.J. Super. 409 (App. Div. 1976). See also, Pinckney v. Jersey City, 140 N.J. Super. 96 (Law Div. 1976).
*143 Finally, plaintiff urges that the "discovery" rule, Lopez v. Swyer, 62 N.J. 267 (1973), applicable to cases where the statute of limitations is asserted as a defense, should likewise be applied to extend the time to file notices of claim under the notice provisions of the Act. We do not agree.
Factually there is no basis upon which to apply the discovery rule to plaintiff's case. Plaintiff's injuries were in no way responsible for the delay. The photographs merely provided a reproduction of the scene that had always existed from the date of the accident. The salient objects shown in the photographs had been sketched and mentioned in the police report. In re Roy, 142 N.J. Super. 594 (App. Div. 1976).
Moreover, the Legislature has expressed a public policy that public entities "shall only be liable for their negligence within the limitations of this act and in accordance with the fair and uniform principles established herein." N.J.S.A. 59:1-2. For the foregoing reasons the order of the trial judge is affirmed.