147 N.J. Super. 575 (1977)
371 A.2d 785
BERNARD KLEINKE AND CAROL M. KLEINKE, PLAINTIFFS-APPELLANTS,
v.
CITY OF OCEAN CITY, A MUNICIPAL CORPORATION OF THE STATE OF NEW JERSEY, JOHN DOE, AND STATE OF NEW JERSEY, DEFENDANTS-RESPONDENTS.
Superior Court of New Jersey, Appellate Division.
Argued February 14, 1977.
Decided March 7, 1977.
*576 Before Judges CARTON, KOLE and LARNER.
Mr. Stuart B. Finifter argued the cause for plaintiffs-appellants (Messrs. Land & Finifter, attorneys).
Ms. Mary M. Reiss argued the cause for defendant-respondent City of Ocean City (Messrs. Cooper, Perskie, Neustadter & Katzman, attorneys; Mr. Lewis B. April, of counsel).
Mr. George W. Fisher, Deputy Attorney General, argued the cause for defendant-respondent State of New Jersey (Mr. *577 William F. Hyland, Attorney General, attorney; Ms. Erminie L. Conley, Deputy Attorney General, of counsel).
The opinion of the court was delivered by LARNER, J.A.D.
Plaintiffs appeal from an order denying them permission to file a late notice of claim against the City of Ocean City and the State of New Jersey pursuant to the applicable provision of the New Jersey Tort Claims Act, N.J.S.A. 59:8-9. The application was based upon the affidavit of Bernard Kleinke. Neither defendant presented any evidential material in opposition to the application, and in fact no one appeared on behalf of the City of Ocean City to oppose the application at the trial level. The court denied the application as to both defendants on the two-fold basis that the applicant failed to demonstrate sufficient reasons for failure to file the claim within the statutory 90-day period and that the public entities would be prejudiced by the delay.
At oral argument counsel for plaintiffs conceded that there was no factual basis for imposing liability against the State of New Jersey and consented to the dismissal of the appeal as to that entity. We shall therefore consider this appeal from the order as it applies to the City of Ocean City.
The Tort Claims Act requires that a notice of claim be filed with the public entity within 90 days after the accrual of the cause of action. N.J.S.A. 59:8-8. Plaintiff Bernard Kleinke was injured on July 8, 1975 while swimming on the public beach operated by Ocean City and proposes to allege negligence by the city in supervision of the beach bathers and surfers, as a result of which a body surfer crashed into him causing a severe fracture of the leg.
He did not file a notice of claim within 90 days but filed a notice of motion for filing of a late claim under § 9 of the statute on January 16, 1976. This section permits relaxation of the 90-day limitation for sufficient reasons as long as the public entity is not substantially prejudiced *578 thereby. N.J.S.A. 59:8-9; see Keller v. Somerset Cty., 137 N.J. Super. 1, 5 (App. Div. 1975).
The affidavit accompanying plaintiffs' motion related that after administration of first aid on the beach Kleinke was immediately taken to Shore Memorial Hospital where x-rays revealed a fracture of the left leg. A hospital physician recommended surgery. Plaintiff, who was an Illinois resident visiting the New Jersey shore, decided to return to Chicago for consultation with a local physician. On July 10, 1975 he was admitted to St. Francis Hospital in Evanston, Illinois, where he was placed in a "body cast." Thereafter an embolism developed which traveled into his lungs. Because of this complication he became "extremely ill and was close to death." The record reveals that he remained in the hospital until the beginning of September 1975, although he did not return to his work until January 1976.
Plaintiff is a patent lawyer practicing in Illinois. While recuperating at home he contacted a Chicago attorney on or about November 13, 1975, who thereupon forwarded the matter to an attorney practicing in Jersey City, New Jersey. After several inquiries made of the Jersey City attorney, the latter informed plaintiff's Chicago attorney that he was too far away from the venue of the cause of action and could not handle the matter. As a consequence the case was then forwarded to present counsel on January 9, 1976, who proceeded expeditiously to file the motion.
Plaintiff further stated in his affidavit that he was unaware of the provisions of the New Jersey Tort Claims Act, although the trial judge appears to have given some weight to the fact that plaintiff practiced patent law in Illinois and that Illinois has a similar Tort Claims Act provision.[1]
*579 We recognize that the grant or denial of permission to file a late claim within the limited period of one year from the accrual of the cause of action is a matter left to the discretion of a judge of the Superior Court and that his discretionary action will be sustained on appeal in the absence of a showing of abuse thereof.
Since the New Jersey Tort Claims Act was patterned after the California Tort Claims Act of 1963, reference to California precedents is appropriate. Report of the Attorney General's Task Force on Sovereign Immunity, 209-210 (1972).
In Viles v. State, 66 Cal.2d 24, 56 Cal. Rptr. 666, 423 P.2d 818 (1967), the Supreme Court of California en banc stated:
There is a well-established rule that appellate courts will not reverse the trial court except for abuse of discretion. This rule, however, does not preclude reversal of an order denying relief where adequate cause for such relief is shown by uncontradicted evidence or affidavits of the petitioner, nor should it be employed to defeat the liberal policies of remedial statutes designed for that purpose. (Cf. Greyhound Corp. v. Superior Court, 56 Cal.2d 355, 379 [18], 15 Cal. Rptr. 90, 364 P.2d 266.) It has often been said that denials of such relief by the trial court are scanned more carefully than cases where the court granted the relief, to the end that wherever possible cases may be heard on their merits, and any doubts which may exist should be resolved in favor of the application. (Beckley v. Reclamation Board,, 48 Cal.2d 710, 716-718 [4], 312 P.2d 1098; Brill v. Fox, 211 Cal. 739, 743-744 [3], 297 P. 25; Waite v. Southern Pacific Co., 192 Cal. 467, 470 [2], 221 P. 204; Gore v. Witt, 149 Cal. App.2d 681, 685 [2], 308 P.2d 770.) [66 Cal.2d at 28, 56 Cal. Rptr. at 669, 423 P.2d at 821]
See also Tammen v. County of San Diego, 66 Cal.2d 468, 58 Cal. Rptr. 249, 426 P.2d 753 (Sup. Ct. 1967); Flores v. Board of Supervisors, County of Los Angeles, 13 Cal. App.3d 480, 91 Cal. Rptr. 717 (D. Ct. App. 1970).
In Keller v. County of Somerset, supra, we applied a standard of liberality to achieve the end of resolving all doubts in favor of the application in order to arrive at a trial on the merits of the cause. In fact, following the lead of the California court in Viles v. State, supra, we applied the *580 analogy of the standard utilized in an application for relief from a default judgment. In such a proceeding the opening of a default judgment "should be viewed with great liberality, and every reasonable ground for indulgence is tolerated to the end that a just result is reached." Marder v. Realty Construction Co., 84 N.J. Super. 313, 319 (App. Div.), aff'd 43 N.J. 508 (1964); see Foster v. New Albany Machine & Tool Co., 63 N.J. Super. 262, 269-270 (App. Div. 1960).
It is clear that the Legislature foresaw the possible inability of claimants to comply with the rigid 90-day notice provision and thus expressly authorized late filing upon a showing of "sufficient reasons" and lack of "substantial prejudice." N.J.S.A. 59:8-9. Applying this legislative intent and the salutary standard of liberality in assessing the factual complex involved herein, we conclude that the applicant demonstrated sufficient reasons for the failure to serve the notice within the prescribed period.
The unusual factors involved relate to the severe nature of the injury, plaintiff's understandable desire to return home for medical treatment, his confinement to a hospital for two months, the incapacitating complication of an embolism requiring absence from his office until January 1976, his bona fide effort to obtain legal advice and assistance within a reasonable period of time, the delay caused by the inaction of a New Jersey attorney to whom the case was originally forwarded  all point to the conclusion that the plaintiff's dilemma resulted from excusable neglect as tested by the standard of a reasonably prudent person under similar circumstances. See Tammen v. County of San Diego, supra, 66 Cal.2d at 475-476, 58 Cal. Rptr. at 254, 426 P. 2d at 758.
In the absence of contradictory evidence we find that plaintiff established the statutory criterion of sufficient reasons to entitle him to relief. See Marino v. Union City, 136 N.J. Super. 233, 241 (Law Div. 1975); Wade v. N.J. Turnpike Auth., 132 N.J. Super. 92, 99 (Law Div. 1975).
Regarding the other statutory requirement of absence of substantial prejudice, it is noteworthy that the trial judge *581 made a finding of prejudice by way of an assumption from the fact of delay alone. Since the municipality did not appear in opposition to the application and did not present any factual basis for a claim of prejudice, there was no record basis for the judge's determination.
Although some fact patterns may suffice in themselves to permit an inference of substantial prejudice, we find nothing inherent in the occurrence herein which supports such a finding.
It can reasonably be presumed that when this accident occurred on the municipal beach supervised by municipal lifeguards and necessitating official first aid treatment, a report in some form was probably made to the appropriate office or official of the municipality. This inference acquires greater reliability when viewed from the failure (or refusal) of the municipality to come forth with any facts to support its position. And if the city had such a report or knowledge of the incident, it had the opportunity to make an investigation fairly contemporaneously with the occurrence.
In any event, we see nothing inherent in the delay itself without a factual explanation which establishes the substantial prejudice delineated by the statute. Absent a factual record, it is difficult to fathom how a delay of six months between accident and notice, as involved herein, can produce any greater prejudice to the municipality than the delay of three months deemed proper and reasonable by the Legislature.
We hold, therefore, that the finding of substantial prejudice was unwarranted.
In view of the foregoing, and because of the factual complex spelled out by the record herein, we conclude that the denial of permission to file a late claim represents a mistaken exercise of discretion.
Reversed as to City of Ocean City.
Appeal dismissed as to State of New Jersey.
No costs to any of the parties.
NOTES
[1] Examination of the Illinois statute, however, reveals that it permits notice to be served upon the public entity within one year from the date of injury and not 90 days as required by our statute. Ill. Ann. Stat. c. 85, § 8-102 (Smith-Hurd).