153 N.J. Super. 461 (1977)
380 A.2d 280
PHYLLIS LUTZ, PLAINTIFF-RESPONDENT,
v.
TOWNSHIP OF GLOUCESTER, DEFENDANT-APPELLANT, AND CAMDEN COUNTY HIGHWAY DEPARTMENT, DEFENDANT,
v.
EUGENE LUTZ, THIRD-PARTY DEFENDANT.
Superior Court of New Jersey, Appellate Division.
Argued September 27, 1977.
Decided October 12, 1977.
*463 Before Judges HALPERN, LARNER and KING.
Mr. Edgar E. Moss, II argued the cause for defendant-appellant (Messrs. Moss, Powell & Powers, attorneys; Mr. Philip R. Lezenby, Jr., on the brief).
Mr. Jeffrey Keiser argued the cause for plaintiff-respondent (Messrs. Ballen and Cohen, attorneys; Mr. Arthur E. Ballen, of counsel; Mr. Ronald G. Rubin on the brief).
No appearance for third-party defendant.
The opinion of the court was delivered by LARNER, J.A.D.
Defendant is before us by virtue of leave to appeal heretofore granted pursuant to R. 2:2-4. The appeal involves the propriety of an order permitting the late filing of a claim with a municipal entity pursuant to the provisions of the Tort Claims Act. N.J.S.A. 59:8-8 and 9. As a condition precedent to the institution of suit against a public entity, a claimant is required to file a claim with that entity containing designated information (N.J.S.A. 59:8-4) within 90 days after accrual of the cause of action. Section 9 authorizes a judge of the Superior Court in his "discretion" to permit late filing within one year upon a showing by affidavits of "sufficient reasons" for the failure to file within time and provided that the entity has not been "substantially prejudiced."
It is conceded that the township herein was not substantially prejudiced by the delay, and the sole question thus is whether there are "sufficient reasons" presented to the trial *464 judge to justify the issuance of the order permitting late filing.
Plaintiff was injured on June 29, 1975 while riding as a passenger in a vehicle operated by her husband on a road in Gloucester Township. Her injury was allegedly caused by the vehicle striking a gulley or depression in the road caused by negligent maintenance thereof by the municipality.
Plaintiff received emergency treatment at a local hospital and returned thereafter to her home in Philadelphia. On or about July 17, 1975 she communicated with her attorney in Philadelphia for the purpose of prosecuting a claim "against the authorities who designed, maintained or repaired the intersection in question." As a result of that communication, the Philadelphia attorney sent her a retainer agreement and medical authorizations to permit him to proceed on her behalf.
Apparently plaintiff did nothing further until December 23, 1975 when she returned the executed retainer agreement and authorizations to her attorney. It was at that time that he referred the matter to counsel who was admitted to the bar of Pennsylvania and New Jersey, and who filed a motion for leave to file a claim out of time on April 5, 1976, approximately nine months after the accident.[1]
It is noteworthy that plaintiff in her affidavit acknowledges that she was immediately cognizant of a potential cause of action against the public entity because of its negligence in maintenance of the road surface. Furthermore, on July 17, 1975, the very day that plaintiff contacted her attorney, a photographer (presumably hired by that attorney) was at the scene of the accident taking photographs and questioning an employee of the municipality about the design of the intersection. On August 1 an investigator (also presumably *465 hired by the attorney) was in the municipality questioning local police officers.
Plaintiff states that she was unaware of the 90-day notice requirement of the New Jersey statute.
The Philadelphia attorney initially retained by plaintiff states in an affidavit that he did not proceed with the filing of a claim because of the failure of plaintiff to return the retainer agreement. He asserts that he was therefore "powerless to represent plaintiff under the Code of Conduct of Pennsylvania and could not notify the appropriate public entities * * * of the possible claim to be filed against them." This explanation on his part is difficult to accept in view of the representation of his client through the preparation reflected in the immediate investigatory activity. If he was barred from representing her, how was he authorized to undertake such investigation on her behalf?
In turning from the attorney's explanation for the failure to comply with our statutory requirement to the plaintiff's avowed reason for delay in signing a formal retainer agreement, we find but one excuse. She explains her failure in the following manner:
The reason I held the forms for such a long period of time is that although I was injured as a result of the accident in a serious manner, I was not sure that I wanted to pursue a legal action in New Jersey because of the consumption of time, aggravation, and my limited ability to travel as a result of the injuries sustained in the accident.
From the affidavits of plaintiff and her attorney, it is apparent that the application is structured simply upon the fact that plaintiff failed to return the retainer agreement in time and that her procrastination was caused by her ambivalence about prosecuting a claim in New Jersey. Significantly, there is no allegation that her Philadelphia attorney was unfamiliar with the legal requirement that a claim must be filed within a limited period of time as a condition precedent to recovery by way of agreement or litigation. Nor is *466 there any other reason assigned in the affidavits for the failure to comply within 90 days.
In our opinion the reason for delay as derived from the affidavits in the record does not qualify as a "sufficient" reason for exercising the court's discretion to permit the filing of a claim beyond the statutory period of 90 days.
In essence, even accepting the excuse advanced by her attorney for not filing a claim, plaintiff's confession that the delay on her part was occasioned by her indecision whether to press a claim negates the presence of an adequate or "sufficient" basis for judicial relief. The very purpose of the 90-day requirement is to compel a claimant to expose his intention and information early in the process in order to permit the public entity to undertake an investigation while witnesses are available and the facts are fresh. If a claimant does not comply solely because she has not made up her mind to file a claim, she presents nothing more than the very circumstance which the statute is designed to prevent. Mere ambivalence about prosecuting a claim is no excuse and no reason for relief.
If we were to hold to the contrary, it would sanction the emasculation of the express legislative fiat that a claim be filed within 90 days of the accrual of the cause of action. The relaxation of this requirement in § 9 of the act is bottomed upon a showing of reasons which may be deemed sufficient on judicial scrutiny and which go beyond the mere excuse that the claimant had not determined whether to prosecute a claim.
Illustrative of "sufficient reasons" in reported opinions in this State are: Kleinke v. Ocean City, 147 N.J. Super. 575 (App. Div. 1977), involving severe and disabling injuries for a substantial period of time of an Illinois resident who acted as a reasonably prudent person under similar circumstances; Zwirn v. Hudson Cty., 137 N.J. Super. 99 (Law Div. 1975), where the notice of claim was understandably filed with the wrong public entity, the county instead of the State; Marino v. Union City, 136 N.J. Super. 233 (Law *467 Div. 1975), also involving severe physical injury and mental distress resulting from the accident; Wade v. N.J. Tpk. Auth., 132 N.J. Super. 92 (Law Div. 1975), in which claimant was removed from a New Jersey hospital and flown to Maine where he remained confined for five months before retention of New Jersey counsel; S.E.W. Friel Company v. N.J. Tpk. Auth., 73 N.J. 107 (1977), involving, again, very severe and debilitating injuries and confusion as to representation by counsel.
On the other side of the spectrum is Lutz v. Semcer, 126 N.J. Super. 288 (Law Div. 1974), where the trial judge denied an application for filing a late claim because of the absence of sufficient reasons. In that case the judge held that ignorance of the law relating to notice by the claimant was not a sufficient reason in view of his retention of an attorney with respect to the incident immediately thereafter and his full cognizance that he had a potential cause of action against the police. See also, Tammen v. San Diego Cty., 66 Cal.2d 468, 58 Cal. Rptr. 249, 426 P.2d 753 (Sup. Ct. 1967); Martin v. City of Madera, 265 Cal. App.2d 76, 70 Cal. Rptr. 908 (D. Ct. App. 1968).
In Keller v. Somerset Cty., 137 N.J. Super. 1 (App. Div. 1975), we affirmed the order of the trial court granting leave to file a late claim where plaintiff had no idea until after the filing period that she had a cause of action against the county or that she would be required to file a notice within 90 days. The judge's exercise of discretion in determining that factor to be a sufficient reason was sustained on general equitable grounds. We also emphasized that the claimant's neglect was akin to that of a reasonably prudent person under the same circumstances.
As we have already observed, the claimant herein knew immediately that she had a cause of action against the public entity because of the road defect, and in fact contacted an attorney shortly after the incident for the purpose of prosecuting her claim. The attorney does not and perhaps cannot claim ignorance of the law as an excuse. Under such circumstances, *468 claimant's ignorance of the notice requirement, per se, is not a sufficient reason and thereby distinguishes this case from Keller. A closer parallel to the factual picture herein is the case of In re Matter of Roy, 142 N.J. Super. 594 (App. Div.), certif. den. 71 N.J. 504 (1976), wherein we affirmed a denial of relief where the claimant retained an attorney within the 90-day period who delayed in applying to the court for seven months thereafter. The assertion by the attorney in affidavit form that he delayed filing the claim because his investigation was not complete was rejected by the trial court and this court as a sufficient basis for relief in view of the evidence of many sources of information as to the incident and the identity of the potential tortfeasor.
What we said in that opinion is equally applicable herein:
Plaintiff was chargeable with knowledge of the facts and of the statute at least by that time. Cf. Keller, supra, 137 N.J. Super. at 12. Yet, it was not until seven months later, in February 1975, that plaintiff finally moved for permission to file a late notice of claim. Since plaintiff had retained an attorney and knew he had a possible cause of action, we hold that he has failed to show a sufficient reason for not filing his claim within the statutory time limit. [142 N.J. Super. at 600-601]
Plaintiff urges that the discretionary power granted by the statute to the Superior Court judge at the trial level dictates that the exercise of that power in favor of a claimant should not be disturbed on appeal, citing Keller v. Somerset Cty., supra, and the California precedents referred to therein. It is correct to say that great deference is accorded to the judgment of the the trial court, and that a standard of liberality is applied in assessing the reasons for delay. See Kleinke v. Ocean City, supra. Nevertheless, the legislation does not grant carte blanche authority to the court to permit late filing unless the application is supported by a factual showing which leads to a considered judgment that sufficient reasons exist for the extraordinary relief.
We, therefore, hold that where the record fails to demonstrate a factual basis for a finding of sufficient reasons, *469 the so-called discretionary act of the trial judge constitutes reversible error. Discretion is an unfortunate term, for there are few problems presented to a judge which do not require the exercise of some degree of discretion; and "the latitude of the discretion varies with the particular kind of question presented to the court and the circumstances under which it arises." Schuttler v. Reinhardt, 17 N.J. Super. 480, 485 (App. Div. 1952). See also, Fanwood v. Rocco, 59 N.J. Super. 306 (App. Div.), aff'd 33 N.J. 404 (1960). In any event, the discretion resting with the trial judge in this substantive determination whether sufficient reasons exist for the waiver of the 90-day notice requirement is not without bounds. It is legal discretion which requires a judgment directed by law and reason and supported by adequate facts and looking to a just result. See Kavanaugh v. Quigley, 63 N.J. Super. 153 (App. Div. 1960), where we noted:
Consequently, if the trial judge misconceives the applicable law, or misapplies it to the factual complex, in total effect the exercise of the legal discretion lacks a foundation and becomes an arbitrary act, however conscientious may have been the judge in the performance of it. When this occurs it is the duty of the reviewing court to adjudicate the controversy in the light of the applicable law in order that a manifest denial of justice be avoided. [at 158]
See also, Vorhies v. Cannizzaro, 66 N.J. Super. 551, 558 (App. Div. 1961).
For the reasons already expressed we are satisfied that the trial judge's ruling represents a mistaken exercise of discretion, or in other terms, "went far enough from the mark to become reversible error." Hager v. Weber, 7 N.J. 201, 214 (1951). The order granting leave to file a late notice of claim is reversed and the complaint prematurely filed by plaintiff is dismissed.[2]
NOTES
[1] We note that he filed an abortive notice of claim with the municipality without leave of court on January 15, 1976, also beyond the 90-day period.
[2] Appellant moved to supplement the appendix by submission of evidential material developed subsequent to the trial court's determination. That motion is denied.