283 N.J. Super. 244 (1995)
661 A.2d 837
LOUIS ESCALANTE, PLAINTIFF-RESPONDENT,
v.
TOWNSHIP OF CINNAMINSON, CINNAMINSON MEMORIAL PARK, DEFENDANT-APPELLANT.
Superior Court of New Jersey, Appellate Division.
Submitted February 15, 1995.
Decided August 1, 1995.
*247 Before Judges MICHELS, STERN and KEEFE.
Sacharow, Adler, Gold, Taylor & Keyser, attorneys for appellant (Steven B. Sacharow, of counsel; Mr. Sacharow and Andrew Babiak, on the brief).
Hockfield, Hasner, Weiss & Rosenberg, attorneys for respondent (Louis G. Hasner, of counsel and on the brief).
The opinion of the court was delivered by MICHELS, P.J.A.D.
Defendant Township of Cinnaminson (the Township) appeals from an order of the Law Division granting plaintiff Louis Escalante permission to file a late notice of claim pursuant to the New Jersey Tort Claims Act, N.J.S.A. 59:1-1 et seq. (the Act).[1]
*248 Plaintiff claims that on April 4, 1993, he suffered personal injuries while playing basketball at Cinnaminson Memorial Park, public property owned and maintained by the Township. Plaintiff claimed that a depression in the asphalt of the court caused him to fall and injure himself. Since the Township is a public entity within the definition of the Act, plaintiff was required to present a notice of his claim for his alleged personal injuries within ninety days after the accrual of his cause of action. See N.J.S.A. 59:1-3 and N.J.S.A. 59:8-8. Plaintiff failed to do so.
The record shows that it was not until November 24, 1993, approximately seven months after the April 4, 1993, accident, that plaintiff consulted an attorney about his claim. Thereafter, on February 1, 1994, approximately nine months after the accident, plaintiff filed an application with the Law Division, seeking permission to file a late notice of claim against the Township pursuant to the Act. The Township opposed the application, and following a hearing the trial court granted plaintiff's motion, finding that plaintiff presented sufficient reasons to allow the late filing and that the Township would not be substantially prejudiced by allowing the late filing. Defendant appealed.
Defendant seeks a reversal of the order, contending that the trial court abused its discretion in finding plaintiff's ignorance constituted sufficient reason to allow a late filing of the claim, and that it would not be substantially prejudiced by allowing the late filing. We agree and reverse.
The New Jersey Tort Claims Act, which became effective on July 1, 1972, addresses sovereign immunity with respect to tort claims against public entities. The Act requires that a notice of claim against any public entity be filed within 90 days after the accrual of a cause of action, or that claim will be forever barred. *249 See N.J.S.A. 59:8-8. "The rationale underlying the notice requirement of the Act is to expedite investigation with the hope of reaching a nonjudicial settlement and to allow the public entity prompt access to information about the claim so that it may prepare a defense." Pilonero v. Township of Old Bridge, 236 N.J. Super. 529, 533, 566 A.2d 546 (App.Div. 1989). Under certain circumstances, however, a late notice of claim may be filed pursuant to N.J.S.A. 59:8-9, which states:
A claimant who fails to file notice of his claim within 90 days as provided in section 59:8-8 of this act, may, in the discretion of a judge of the Superior Court, be permitted to file such notice at any time within 1 year after the accrual of his claim provided that the public entity has not been substantially prejudiced thereby ...
The granting or denial of permission to file a late claim within the one year period is a matter left to the sound discretion of the trial judge which will be sustained on appeal in the absence of a showing of an abuse thereof. See Lamb v. Global Landfill Reclaiming, 111 N.J. 134, 146, 543 A.2d 443 (1988); Kleinke v. City of Ocean County, 147 N.J. Super. 575, 579, 371 A.2d 785 (App.Div. 1977); McGrath v. N.J. Dist. Water Supply, 224 N.J. Super. 563, 577, 540 A.2d 1350 (Law Div. 1986). An application for late filing is generally viewed with great liberality so that wherever possible, cases may be heard on their merits. Kleinke, supra, 147 N.J. Super. at 579, 371 A.2d 785. Additionally, any doubt as to the sufficiency of the reasons to excuse the late filing should be resolved in favor of the claimant. See Dyer v. Newark, 174 N.J. Super. 297, 300, 416 A.2d 429 (App.Div. 1980); McGrath, supra, 224 N.J. Super. at 579, 540 A.2d 1350.
Permission for a claimant to file late is contingent upon two showings being made. First, the trial court must find that there are sufficient reasons for the claimant's failure to file within the 90 day period required by N.J.S.A. 59:8-8a. See Lamb, supra, 111 N.J. at 146, 543 A.2d 443; Lutz v. Township of Gloucester, 153 N.J. Super. 461, 463, 380 A.2d 280 (App.Div. 1977); Zwirn v. County of Hudson, 137 N.J. Super. 99, 102, 347 A.2d 822 (Law Div. 1975). Second, the trial court must decide that the public entity will not be substantially prejudiced by the granting of the request. *250 See Lamb, supra, 111 N.J. at 146, 543 A.2d 443; McGrath, supra, 224 N.J. Super. at 576, 540 A.2d 1350; Zwirn, supra, 137 N.J. Super. at 102, 347 A.2d 822.
"Because the Act is silent about what constitutes `sufficient reasons' for failure to file a timely notice of claim, each case must be determined on the basis of its own facts." Lamb, supra, 111 N.J. at 147, 543 A.2d 443. Our courts have found "sufficient reasons" exist where there has been excusable neglect or mistake, see Kleinke, supra, 147 N.J. Super. at 580, 371 A.2d 785; Zwirn, supra, 137 N.J. Super. at 102-03, 347 A.2d 822; where the claimant has suffered serious physical injuries and/or is out of state, see Kleinke, supra, 147 N.J. Super. at 578, 371 A.2d 785; Marino v. City of Union City, 136 N.J. Super. 233, 241, 345 A.2d 374 (Law Div. 1975); and where the late filing existed due to the complexity of the litigation. See Torres v. Jersey City Medical Center, 140 N.J. Super. 323, 327, 356 A.2d 75 (Law Div. 1976).
Ignorance of the 90-day statutory requirement, ignorance of one's rights or mere ambivalence by the claimant have never been found to be sufficient reasons on their own to allow late filing. See, e.g., Abel v. City of Atlantic City, 228 N.J. Super. 360, 367-68, 549 A.2d 894 (App.Div. 1988), certif. denied, 114 N.J. 477, 555 A.2d 604 (1989); Township of Gloucester, supra, 153 N.J. Super. at 466-67, 380 A.2d 280 ("[m]ere ambivalence about prosecuting a claim is no excuse and no reason for relief."); Lutz v. Semcer, 126 N.J. Super. 288, 297, 314 A.2d 86 (Law Div. 1974) ("[m]ere ignorance of the law is not a sufficient basis to excuse compliance with the requirements of this remedial statute."). However, ignorance of the statutory requirement may be a relevant consideration in allowing a late claim. See Bell v. County of Camden, 147 N.J. Super. 139, 142, 370 A.2d 886 (App.Div. 1977); Keller v. County of Somerset, 137 N.J. Super. 1, 8-9, 347 A.2d 529 (App.Div. 1975).
Here, plaintiff's reasons for filing late were stated as follows:

*251 I was unaware at the time of the accident that I may have a cause of action against the park or the Township of Cinnaminson and I was unaware that I was required to file a Notice of Claim within 90 days of April 4, 1993.
The trial court found plaintiff's reasons to be sufficient and in doing so, noted it was "very liberal about [these matters]."
Plaintiff has failed to set forth any reasons for his late filing absent ignorance of the 90-day threshold for filing a notice and a claimed ignorance that he had a cause of action against the Township. As noted above, "[m]ere ignorance of the law is not a sufficient basis to excuse compliance with the requirements" of the Act. Semcer, supra, 126 N.J. Super. at 297, 314 A.2d 86. See also Township of Gloucester, supra, 153 N.J. Super. at 467, 380 A.2d 280; In Semcer, the court stated:
Here, plaintiff, an anesthesiologist, was fully aware of the incident which gave rise to his injuries. Apparently the injuries were not so insignificant that plaintiff dismissed them from his mind, because he called the police surgeon to apprise him of the fact that he sustained some injury in this incident shortly after it had occurred, and pointed this out to the municipal court at the traffic hearing. Moreover, plaintiff even consulted an attorney with respect to the traffic violations with which he was charged. His failure, apparently, to consult an attorney to advise him of his rights against the municipality with respect to the injuries he allegedly sustained until after the statutory time period expired is certainly not sufficient reason under our statute to relieve him from the requirements of filing a timely notice of claim against the municipality. Mere ignorance of the law is not a sufficient basis to excuse compliance with the requirements of this remedial statute.
Accordingly, the court is of the view that under the circumstances here present plaintiff has failed to file a notice within time to relieve him from the requirements of notice set forth in the New Jersey Tort Claims Act. [126 N.J. Super. at 296-97, 314 A.2d 86.]
As in Semcer, plaintiff has offered no reason for filing a late notice other than his own ignorance. Plaintiff unquestionably knew that he sustained injuries when he fell on the day of the accident and that his fall was caused by an allegedly defective court surface. His failure to timely seek legal counsel in order to investigate his claim is, therefore, unexplainable. To allow plaintiff's claim under these circumstances, would render meaningless the Act's purpose of limiting the liability of public entities. Otherwise, every claimant with a potential claim against a public entity that was not timely filed, would claim mere ignorance of the Act's requirements.
*252 Furthermore, plaintiff's reliance on Bell, supra, 147 N.J. Super. at 139, 370 A.2d 886, for the proposition that ignorance alone is a sufficient basis to excuse compliance with the Act is misplaced. The Bell court, in dicta, noted that "[b]oth physical incapacity and ignorance of the statutory requirements, where relevant, may be considered by the judge if he has discretion." Id. at 142, 370 A.2d 886. The Bell court did not say ignorance of one's rights alone, as is alleged here, is a sufficient reason to allow late filing. Similarly, other courts that have considered ignorance a relevant factor have had other reasons, besides ignorance of the law, that justified the failure to comply with the Act. See, e.g., Keller, supra, 137 N.J. Super. at 9, 11-12, 347 A.2d 529 (additional reasons included accident occurring within thirteen months of adoption of the Act and claimant being grief stricken and without legal counsel); Wade v. N.J. Turnpike Authority, 132 N.J. Super. 92, 99, 332 A.2d 232 (Law Div. 1975) (additional reasons included the five month medical confinement of claimant due to injuries received in the accident, removal from the State and that New Jersey counsel was hired at a late date).
Such cases are distinguishable from this matter. Here, plaintiff was not under any physical or emotional disability that would prevent him from timely seeking legal counsel, nor are the facts so complex or obscure that plaintiff could not have known that the Township may have been potentially liable. Most importantly, the Act has been in the existence for some twenty years, unlike at the time of the Keller and Bell cases where the Act was only thirteen or so months old, making ignorance a less reasonable excuse for not giving timely notice. Therefore, because plaintiff's sole excuse is mere ignorance and mere ignorance is an insufficient excuse absent other factors, the record fails to demonstrate a factual basis for the trial court's finding that plaintiff presented "sufficient reasons" to allow his late claim.
Regarding the other statutory requirement of absence of substantial prejudice, it is clear that the trial court erred in finding that the Township would not be substantially prejudiced by plaintiff's late claim. Generally, "[t]he availability of information *253 to the public entities is largely determinative as to the issue of prejudice." McGrath, supra, 224 N.J. Super. at 579, 540 A.2d 1350. There is no substantial prejudice where the event is not obscure, unknown or unnoticed, and in fact, is the object of extensive news coverage. See S.E.W. Friel Co. v. N.J. Turnpike Authority, 73 N.J. 107, 119, 373 A.2d 364 (1977). Additionally, the fact of delay alone does not give rise to the assumption of prejudice; the public entity must present a factual basis for the claim of substantial prejudice. See Kleinke, supra, 147 N.J. Super. at 581, 371 A.2d 785.
The record indicates that the Township received scant information regarding how and where plaintiff was injured. Plaintiff's affidavit fails to specify on which of the three courts he fell. Without such information regarding the exact location of the alleged depression, taken together with the assertion that the court's surface has greatly changed since the time of the accident because of the weather, plaintiff has failed to show that the Township will not be substantially prejudiced by allowing plaintiff's late filing. On the contrary, the Township's failure to receive timely notice may well prevent it from ever being able to adequately investigate plaintiff's claim because of changes to the court's surface that have occurred through no fault of the Township. Consequently, the trial court erred when it found that the Township would not be substantially prejudiced by the late filing.
Accordingly, the order of the Law Division granting plaintiff permission to file a late notice of claim against the Township is reversed.
NOTES
[1] The order appealed from is interlocutory, not final, and leave to appeal should have been sought. See R. 2:2-3(b), R. 2:2-4 and R. 2:5-6(a). However, in the interest of the prompt disposition of this matter, we hereby grant the necessary leave to appeal nunc pro tunc. See Henderson v. Morristown Memorial Hosp., 198 N.J. Super. 418, 426-27, 487 A.2d 742 (App.Div. 1985), certif. denied, 101 N.J. 250, 501 A.2d 922 (1985); Kerr v. Kerr, 129 N.J. Super. 291, 293, 323 A.2d 518 (App.Div. 1974); Yuhas v. Mudge, 129 N.J. Super. 207, 209, 322 A.2d 824 (App.Div. 1974). Cf. Delbridge v. Jann Holding Company, 164 N.J. Super. 506, 509, 397 A.2d 356 (App.Div. 1978).