286 N.J. Super. 215 (1995)
668 A.2d 1083
WILLIAM F. RANDAZZO, JR., AND MARY RANDAZZO, HIS WIFE, PLAINTIFFS-APPELLANTS,
v.
TOWNSHIP OF WASHINGTON IN THE COUNTY OF GLOUCESTER AND STATE OF NEW JERSEY, DEFENDANT-RESPONDENT.
Superior Court of New Jersey, Appellate Division.
Argued October 11, 1995.
Decided October 26, 1995.
*216 Before Judges DREIER, KESTIN and CUFF.
Marian I. Kelly argued the cause for appellants (Hoffman, DiMuzio & Hoffman, attorneys; Ms. Kelly, on the brief).
*217 Robert J. Smith argued the cause for respondent (Joseph A. Alacqua, attorney; Mr. Smith, on the brief).
The opinion of the court was delivered by DREIER, P.J.A.D.
Plaintiff appeals from the denial of his motion to file a late notice of a claim under N.J.S.A. 59:8-9. Plaintiff slipped and fell on ice in the parking lot of defendant's community activity center on February 14, 1994. Plaintiff had just attended a Washington Township baseball/softball advisory board meeting which ended between 9:00 p.m. and 10:00 p.m. He had exited the building and was proceeding to his car in the parking lot. Plaintiff alleges that at least five others already slipped and fell as a result of the same icy condition, and that the Township was well aware of the condition.
On the morning after his fall, within approximately twelve hours after the accident, plaintiff telephoned the Washington Township Parks and Recreation Department and reported the accident to the municipality. Initially, the Township denied receipt of this oral notice, but later found a written record of it. Plaintiff claimed that he called because he was aware of a Township requirement that all accidents be reported within twenty-four hours. The Township at first denied such a policy, but then discovered that the Recreation Department in fact had sent a letter describing such a policy to participants in the recreational programs. Plaintiff, as a coach and umpire in the softball league for sixteen years preceding the accident, had received such a notice.
It was established that Mary Schneider, a Township employee, had noted in writing that plaintiff had stated the date, time and location of the fall, its cause, and the name of a witness, also noting that the witness was hurt. Ms. Schneider related to plaintiff that at least four other persons had fallen in the same parking lot prior to plaintiff's fall. N.J.S.A. 59:8-4 sets forth the required contents of a claim against a public entity. We note that *218 plaintiff's oral notice supplied most of these facts, the balance of which were either known to defendant, or unknown to plaintiff at the time. Plaintiff supplied his name, and his address was known to defendant since plaintiff had been a volunteer for the Recreation Department for many years. He supplied the date, place and circumstances of the accident (but not a description of the injury), and gave the location of the accident so that the Township could determine who was responsible for the icy condition. The amount of plaintiff's claim could not be known twelve hours following the accident. It is true that since the notice was oral, it was not signed as required by N.J.S.A. 59:8-5. Thus, the oral notice technically did not satisfy the statutory requirements even though a written record of this notice was found in the Township's files.
Plaintiff had contended that he failed to give written notice within the required ninety-day period because he was physically disabled. Plaintiff had been injured in a job-related accident in May 1992 and had been on disability until a few months prior to this accident. At the time of this slip and fall in the lot, he was still under a doctor's care for chronic low back pain and pain in both of his knees. After his fall, he suffered a herniated cervical disc, confirmed by an MRI, causing radiating pain across his shoulders. However, two and one-half months following the parking lot accident, plaintiff resumed his participation in the recreation program as a softball umpire. Therefore, as the trial court held, it would be difficult for plaintiff to establish that he was then disabled from writing and submitting any required notice.
Plaintiff consulted an attorney in July 1994. Until then he was unaware that any formal written notice was required beyond the oral notice that he had given in response to what he understood to be the Township's policy.
N.J.S.A. 59:8-9 grants discretion to a Superior Court judge to permit the filing of a notice of claim beyond the ninety-day limit of N.J.S.A. 59:8-8 for a period up to one year after the accrual of the claim, "provided that the public entity has not been substantially *219 prejudiced thereby." The statute further requires that the claimant's affidavits must show "sufficient reasons for his failure to file notice of claim within the period of time prescribed by section 59:8-8 of this Act."[1]
As has been recently stated by this court in Escalante v. Township of Cinnaminson, 283 N.J. Super. 244, 661 A.2d 837 (App.Div. 1995):
The granting or denial of permission to file a late claim within the one year period is a matter left to the sound discretion of the trial judge which will be sustained on appeal in the absence of a showing of an abuse thereof. An application for late filing is generally viewed with great liberality so that wherever possible, cases may be heard on their merits. Additionally, any doubt as to the sufficiency of the reasons to excuse the late filing should be resolved in favor of the claimant.
[Id. at 249, 661 A.2d 837 (citations omitted).]
This liberal policy is exemplified by Abel v. City of Atlantic City, 228 N.J. Super. 360, 367-368, 549 A.2d 894 (App.Div. 1988), certif. denied, 114 N.J. 477, 555 A.2d 604 (1989). See also Lamb v. Global Landfill Reclaiming, 111 N.J. 134, 147-149, 543 A.2d 443 (1988); Feinberg v. State of New Jersey Dept. of Environmental Protection, 137 N.J. 126, 135, 644 A.2d 593 (1994); S.E.W. Friel v. New Jersey Turnpike Auth., 73 N.J. 107, 122, 373 A.2d 364 (1977); Kleinke v. City of Ocean City, 147 N.J. Super. 575, 579-580, 371 A.2d 785 (App.Div. 1977); Keller v. County of Somerset, 137 N.J. Super. 1, 8-11, 347 A.2d 529 (App.Div. 1975). In Abel v. City of Atlantic City, supra, we observed that in every Supreme Court published decision where the "delay was not the result of procrastination or ambivalence about suing," the Court has held that the late notice should be permitted. 228 N.J. Super. at 367, 549 A.2d 894. Where, of course, the late notice is merely the result of the ambivalence of the claimant, this would be the very circumstance that the statute is designed to prevent, and relief should be denied. Lutz v. Township of Gloucester, 153 N.J. Super. 461, 465-466, *220 380 A.2d 280 (App.Div. 1977). These are not the circumstances of the case before us.
The courts have repeatedly stated that the statute requires two elements for the extension of the ninety-day period. First there must be "sufficient reasons;" second, there must be a lack of prejudice to the public entity. Treating the second element first, there can be no serious argument that the public entity was prejudiced in this case. Prejudice is not measured from the date of the accident versus the date the notice of claim is belatedly filed. The statute does not require notice to be given on the day of the accident, but rather within a ninety-day period. Therefore, we must measure the prejudice to the public entity viewing a timely notice given on the ninetieth day against the notice when it was actually filed.[2] In the case before us, immediately following the accident plaintiff gave oral notice of a condition of which the Township was well aware, given this and the other related accidents. Also, plaintiff had fully documented the accident in his medical report, which the municipality received with the eventual written notice of plaintiff's claim. The municipality would have been just as prejudiced investigating the icy condition ninety days later in the warmth of the spring as it would have been in November when the attorney applied for permission to file the late notice.
The real issue in this case is whether there were "sufficient reasons," the absence of which could have justified the trial judge's denial of plaintiff's motion. It is true that this court in Escalante, supra, held that mere ignorance of the law, without more, is not a sufficient ground to relax the ninety-day period. It is clear, however, that ignorance of the law may be a relevant *221 consideration in allowing the late claim. See Escalante, supra, 283 N.J. Super. at 250-252, 661 A.2d 837; Bell v. County of Camden, 147 N.J. Super. 139, 142, 370 A.2d 886 (App.Div. 1977); Keller v. County of Somerset, supra, 137 N.J. Super. at 8-9, 347 A.2d 529. Although the Supreme Court in Lamb v. Global Landfill Reclaiming, supra, noted that ignorance of the law had been held sufficient cause, 111 N.J. at 148, 543 A.2d 443, Escalante explained that the cases cited by the Supreme Court combined ignorance of the law with other factors. 283 N.J. Super. at 252, 661 A.2d 837. We need not dispute Escalante on that subject since there are multiple factors in our case.
In this case, plaintiff does not rely merely upon his ignorance of the ninety-day notice requirement. He also states that the written notice he received from the Township stating that the report of an accident must be made within twenty-four hours and not specifying a written notice reasonably caused him to believe that this prompt notification was all the Township required. Having given such oral notice, plaintiff contends that he justifiably assumed he had complied with the law.
While plaintiff may have been incorrect, we determine that this oral notice which provided the Township with all particulars of the accident, combined with plaintiff's ignorance of the statutory requirements, constituted sufficient grounds for the trial judge to have granted permission for a late filing of a notice of claim. The Supreme Court's liberality noted in Lamb, Feinberg, and S.E.W. Friel, and this court's repeated similar statements in Abel, Kleinke, Keller, and similar cases, establish a policy from which the trial judge departed in denying plaintiff's motion.
The order denying plaintiff leave to file a late notice of claim is reversed and the matter is remanded to the Law Division for further proceedings in accordance with this opinion.
NOTES
[1] As of June 23, 1994, the Act was amended to require sufficient reasons constituting "extraordinary circumstances." (L. 1994, c. 49, § 5). We are applying the pre-amendment language in this case.
[2] In this respect we must take issue with the Escalante court which apparently measured the prejudice back to the time of the accident rather than to a date ninety days following the accident. 283 N.J. Super. at 253, 661 A.2d 837 (noting that the surface of the basketball court where plaintiff fell would have greatly changed since the time of the accident because of the weather difference in the six and one-half months between the April accident and the November report).