286 N.J. Super. 670 (1996)
670 A.2d 92
ANTHONY ZOIS, PLAINTIFF-RESPONDENT,
v.
NEW JERSEY SPORTS & EXPOSITION AUTHORITY, DEFENDANT-APPELLANT.
Superior Court of New Jersey, Appellate Division.
Argued December 21, 1995.
Decided January 25, 1996.
*672 Before Judges DREIER, KESTIN[1] and CUFF.
Maria L. Zarrella argued the cause for appellant (Maloof, Lebowitz, Connahan & Oleske, attorneys; Jack A. Maloof, of counsel, Ms. Zarrella, on the brief).
Pasquale F. Giannetta argued the cause for respondent (Fuhro & Hanley, attorneys; Mr. Giannetta, on the brief).
The opinion of the court was delivered by DREIER, P.J.A.D.
Defendant appeals from an order permitting plaintiff to file a late notice of claim under the Tort Claims Act, N.J.S.A. 59:8-9. On August 24, 1994 plaintiff fell in the Meadowlands Sports Complex after stepping on a beer can in the men's room. The accident was noted in a Meadowlands Medical Department Emergency Treatment Report. Plaintiff contacted his present attorney the next day, and the attorney allegedly sent a handwritten form to defendant requesting a copy of the medical report. The message form was entitled "Re: Anthony Zois v. Arena." It notes the date of the accident to be "8/24/94" and states:
Dear Sir/Madam: Please be advised that I have been contacted to represent Anthony Zois for the above incident. Kindly send a copy of your report ETR47236.
The mailing of this request together with the fact that the Authority had possession of the medical report might be considered substantial compliance with the notice provisions of the Act. We note that the requested medical report incorporated the accident report, and when it was retrieved, defendant would have had before it sufficient information substantially to satisfy the notice requirements of N.J.S.A. 59:8-4, at least as known by plaintiff on the day following the accident. The attorney, however, *673 was clear in his certification that he intended to file a formal notice of claim when he received a copy of the report.
The defendant does not dispute the attorney's certification that the request had actually been mailed. The problem in this case is that defendant contends, and it appears undisputed, that it never received this handwritten request from the attorney.
N.J.S.A. 59:8-10, as amended effective June 23, 1994, provides:
a. A claim shall be presented to the public entity by delivering it to or mailing it certified mail to the office of the Attorney General or the office of the State agency allegedly involved in the action. A claim may be presented to a local public entity by delivering it or mailing it certified mail to the entity.
b. A claim or application shall be deemed to have been presented in compliance with this section even though it is not delivered or mailed as provided in this section if it is actually received at an office of the State or local public entity within the time prescribed for presentation thereof.
c. Service of the notice required by this chapter upon the public entity shall constitute constructive service upon any employee of that entity.
Counsel's request, however, had been sent by ordinary, not certified mail, and therefore, even if there had been no denial of receipt, plaintiff would not be entitled to a presumption of receipt. Hammond v. City of Paterson, 145 N.J. Super. 452, 455, 368 A.2d 373 (App.Div. 1976) (indicating that where a statute requires notice by certified mail, mailing by ordinary mail does not warrant a presumption of receipt). Since the procedural dictates of the Act were not followed, plaintiff would be required to prove actual receipt of the request. Because plaintiff has failed to prove that the request had actually been received, we must assume that the request was a nullity insofar as it would satisfy the notice of claim requirements of the Tort Claims Act. This, therefore, is a late notice case, and is governed by the amended N.J.S.A. 59:8-9.
N.J.S.A. 59:8-9, as amended effective June 23, 1994, requires filing of a notice of claim within ninety days of its accrual. The section permits late notices, but as of June 23, 1994, such notices must meet a strict standard:

*674 Application to the court for permission to file a late notice of claim shall be made upon motion supported by affidavits based upon personal knowledge of the affiant showing sufficient reasons constituting extraordinary circumstances for his failure to file notice of claim within the period of time prescribed by section 59:8-8 of this act or to file a motion seeing leave to file a late notice of claim within a reasonable time thereafter; provided that in no event may any suit against a public entity or a public employee arising under this act be filed later than two years from the time of the accrual of the claim.
[N.J.S.A. 59:8-9 as amended by L. 1994, c. 49, § 5 (emphasis added).]
As evidenced by the new language, the amended statute adopts an "extraordinary circumstances" requirement for allowing a late filing of a notice of claim. We recently decided Randazzo v. Tp. of Washington, 286 N.J. Super. 215, 668 A.2d 1083 (App.Div. 1995), which was governed by the pre-amendment version of N.J.S.A. 59:8-9. We there disagreed with the restrictive interpretation of the Act in Escalante v. Tp. of Cinnaminson, 283 N.J. Super. 244, 661 A.2d 837 (App.Div. 1995). Following the amendment that added the words "extraordinary circumstances," however, the portion of Escalante that discusses the "sufficient reason" test of the former statute must be read as presaging our stricter interpretation of the amended act in this opinion.
Plaintiff contends that the facts of this case demonstrate "extraordinary circumstances." We disagree. The sole excuse offered by plaintiff was that his attorney's secretary had misplaced the file and not called it to the attorney's attention. The attorney discovered the file months later when he left the firm and found it mixed with other matters. This excuse might have been sufficient under the earlier version of the statute, if there was no prejudice to defendant. As we noted in Randazzo v. Tp. of Washington, supra, under the pre-amendment Act where there was no indication that the party intended to forego the claim and took some action to advance it, a plaintiff would not be prejudiced by the attorney's mistake, providing there was no prejudice to the defendant. Under the amended statute, however, if the sole basis for plaintiff's late notice was the misfiling by the secretary and the attorney's forgetfulness, the claim against the public entity has been lost.
*675 Language similar to the new statutory formulation was used by this court in our interpretation of the rules governing the claim for a trial de novo after arbitration under R. 4:21A-1 through 4:21A-8. In Mazakas v. Wray, 205 N.J. Super. 367, 371, 500 A.2d 1085 (App.Div. 1985), we held that the exception to the requirement of timely filing for a trial de novo was governed by a standard of "extraordinary circumstances." See also Gerzsenyi v. Richardson, 211 N.J. Super. 213, 217, 511 A.2d 699 (App.Div. 1986) (applying the Mazakas standard). We later explained in Sprowl v. Kitselman, 267 N.J. Super. 602, 609, 632 A.2d 540 (App.Div. 1993) that "[f]ailure to supervise one's secretary does not ordinarily present such `extraordinary circumstances' as will permit an attorney to make a late demand for a trial de novo."
So too in this case. The Legislature has signaled a change in the treatment of late notices of claim. It is not our place to question the wisdom or fairness of such action; we must apply the statute as written. The leading commentators on the Tort Claims Act have also suggested that the amendment may have signaled the end to a rule of liberality.
The 1994 amendment added the language that [sufficient] reasons be shown to constitute "extraordinary circumstances" to this requirement. It is clear that this language does more than codify preexisting case law....
On one hand, for example, since the Act was silent as to what constituted sufficient reasons for failure to file a timely notice of claim, the pre-1994 rule was that each case had to be determined on the basis of its own facts. Lamb v. Global Landfill Reclaiming, 111 N.J. 134, 147-149[, 543 A.2d 443] (1988); McGrath v. N.J. Dist. Water Supply, 224 N.J. Super. 563, 579[, 540 A.2d 1350] (Law Div. 1986). It is to be expected that the same rule will apply to the 1994 provision. On the other hand, it had also been held that cases should ordinarily be heard on their merits and any doubts as to the sufficiency of reasons to excuse the late filing of a claim should be resolved in favor of the claimant. S.E.W. Friel Company v. N.J. Turnpike Authority, 73 N.J. 107[, 373 A.2d 364] (1977); Dyer v. Newark, 174 N.J. Super. 297, 300[, 416 A.2d 429] (App.Div. 1980). Given the apparent intent to limit late notices of claim that runs through the 1994 amendment, it is not at all clear that such liberality will continue.
[Harry A. Margolis and Robert Novack, Claims Against Public Entities, p. 148 (1995).]
The decision from which defendant appeals would have been a reasonable interpretation of the pre-amendment statute which had *676 been effective until two months before plaintiff's fall. The interpretation, however, must fall under the amended language. Plaintiff's remedies lie elsewhere.
The order permitting the filing of a late notice of claim is reversed, and the matter is remanded to the Law Division for the entry of an appropriate order denying plaintiff's motion.
NOTES
[1] Judge Kestin did not originally participate in this case, but has, with the consent of counsel, been added to the panel deciding the matter.