Alexander Del Gtiorno, J.
This is a motion for an order permitting the late filing of a claim, pursuant to subdivision 5 of section 10 of the Court of Claims Act.
On April 8, 1958, the infant claimant was walking toward a bus stop at the corner of Horace Harding Boulevard and Springfield Boulevard in the Borough of Queens, City and State of New York. Falling over a wire fence which allegedly had broken down during construction work on the Long Island Expressway, she came into contact with a sharp 12-inch pipe. As a result, she sustained severe injuries about her arms, legs and body.
Under the impression that the City of New York was responsible for the construction work, claimant’s attorney served a claim for damages for personal injuries against the City of New York within 90 days after the accident. On June 27, 1958, he addressed a letter to the Department of Highways of the City of New York, in order to obtain the name of the contractor who the attorney then thought was employed by the City of New York. On July 29, 1958, he received a letter from the President of the Borough of Queens, dated July 18, 1958, advising him that the work involved was under the direct control of the State Department of Public Works. This notice, received after the expiration of the 90-day period, was the first time claimant’s attorney became aware of the fact that a claim should be filed against the State of New York. The court finds that the claimant has presented a reasonable excuse for her failure to file her claim within the prescribed 90-day period. Under the circumstances, it was natural enough for her attorney to draw the conclusion that the construction work was being done under the supervision of the City of New York, for there was nothing in the vicinity of the accident to indicate otherwise. The moving papers indicate that immediately after receiving notice to the effect that the State of New York controlled the construction work, the attorney made prompt application for the relief sought herein.
Further, the court believes that the State had, prior to the expiration of the time limited for the filing, actual knowledge of the facts constituting the claim, and that the State has not been prejudiced substantially by the failure to file within the statutory period.
*938 The motion is granted. Claimant may file her claim within 15 days from the date of the entry of this order, provided that a copy of the claim shall have first been served upon the Attorney-General of the State of New York.
Submit order.