█ In the Matter of HARRY GROSS et al., Respondents, against STATE OF NEW YORK, Appellant. (M-4882.) —Appeal from an order of the Court of Claims. On August 16, 1958 claimants sustained injuries on State Highway 32 in Ulster County when the car in which they were traveling went off the road and struck a tree. Claiming there was a defect on the road which caused the accident, claimants filed a notice of claim with Ulster County on the basis of the belief of the attorney of record who then represented them, that Route 32 is a county road. On November 20 counsel acting for the attorney of record found that Route 32 was a State road, but since the 90 days to file notice of claim had then expired, an application was made on December 3 in the Court of Claims to permit late filing of the claims; and this motion has been granted. The Court of Claims is vested with a discretion within the time in which this motion was made to allow a late filing of the claims. (Court of Claims Act, § 10, subd. 5.) The test to guide the discretion set up in the statute is "a reasonable excuse" for not filing on time. We are of opinion the court was justified in accepting the grounds shown in this record as reasonable justification to excuse failure to file earlier. No prejudice to the State is demonstrated. Order unanimously affirmed, with $10 costs. Present — Bergan, J. P., Coon, Gibson, Herlihy and Reynolds, JJ.

█ In the Matter of the Claim of MAX PERLE, Appellant, against INDUSTRIAL PLANTS CORP. et al., Respondents. WORKMEN'S COMPENSATION BOARD, Respondent.— Appeal by the claimant-appellant from a decision of the Workmen's Compensation Board that there was no accident arising out of and in the course of his employment. Claimant had been doing the same type of work for 25 years. His title was field manager and when his employer was to sell or liquidate a plant or business, he would go to the location, hire a crew of men to ready the premises for the sale or liquidation. Claimant did very little actual physical work. On September 22, 1956 he was in the City of Detroit preparing for such an event and testified that he felt ill, left the location went to his hotel and later upon examination by a doctor, his condition was diagnosed as a coronary occlusion. He gave a written statement concerning events in which he said there was "a lot of aggravation on the job". Later he testified he had "a terrible argument with one of the colored boys". At the hearing it appeared that on March 12, 1956 — six months prior to the alleged accident — he went to a doctor complaining of precardial pains which had incapacitated him since February 23. His condition at that time was diagnosed as "hypotensive and coronary insufficiency" and he did no work until May 9, the last time he was seen by the doctor. The record includes medical testimony as to the prior physical condition of the claimant, the occurrence on September 22, medical opinions as to the consequence of an argument as related to the claimant, which was controverted by the doctors for the respective parties. All of the testimony, the credibility of the claimant, the determination of no accident on September 22 and that the pre-existing condition was solely the cause of the coronary occlusion were factual findings supported by substantial testimony and exclusively within the province of the board. Decision unanimously affirmed, without costs. Present — Bergan, J. P., Coon, Gibson, Herlihy and Reynolds, JJ.