■ SHEILA BOLL, Respondent, v. WILLIAM SHANLY, Also Known as WILLIAM S. SHANLEY, Appellant.— STALEY, JR., J. Appeal from a judgment of the County Court of Broome County in favor of petitioner, entered September 30, 1969 in Broome County, upon a decision of the court at Special Term, which granted judgment on the pleadings and adjudged the petitioner entitled to immediate possession of real property. In her petition, brought pursuant to article 7 of the Real Property Actions and Proceedings Law, respondent alleges that she is the owner of the real property in question as the successor in interest to John S. Shanly by virtue of a quitclaim deed dated June 10, 1965 and recorded September 7, 1965 in the Broome County Clerk's office; that appellant entered into possession of the premises on or about September 9, 1958 under the authority of a letter from the said John S. Shanly dated September 9, 1958; that a notice to vacate was served upon respondent on June 4, 1968; and that appellant remains in possession of the premises. The letter to appellant annexed to the petition authorized appellant to use the letter as his power of attorney to act as owner of the place in any way, but limiting financial expenditures without express approval to $100. The letter also stated that "it looks as if you have a home there as long as you want providing you pay one dollar a year rent". Appellant's answer denied that respondent was the owner of the property, and admitted all the other allegations of the petition. It also alleged as a separate defense that no relationship of landlord and tenant ever existed, and also alleged a separate defense claiming equitable title in appellant based upon statements made by John S. Shanly, the former owner; his occupation of the premises pursuant to the letter; repairs made by him to the premises; and his use of the premises as his own in reliance on the words and acts of the said John S. Shanly. The court denied the motion to dismiss the petition, and granted judgment on the pleadings awarding possession of the premises to respondent. Appellant contends that the petition was insufficient in law to confer jurisdiction contending that it did not satisfy the pleading requirements of section 741 of the Real Property Actions and Proceedings Law in that it does not state appellant's interest in the premises

and his relationship to respondent with regard thereto, and does not state the facts upon which the special proceeding is based. This contention is without merit. The petition sets forth the material facts as to appellant's occupation of the premises and it was, therefore, unnecessary to plead the conclusions of law to be drawn therefrom. (CPLR 3013; *Foley* v. *D'Agostino,* 21 A D 2d 60.) The petition was sufficiently particular to give the court adequate notice of the transaction, and the material elements of the proceeding and, therefore, sufficiently complied with section 741 of the Real Property Actions and Proceedings Law. Appellant also argues that the answer raised issues of fact which required a trial, since it denied respondent's allegation of ownership. In this regard, he contends that the quitclaim deed does not establish ownership, and speculates that title could be in some other party. This argument was apparently not raised below, since the County Court noted that the denial of ownership was premised upon the claim of equitable title set forth in the affirmative defense. This contention cannot be raised for the first time on appeal and, further, since it is pure speculation unsupported by any documentary evidence or other facts, it has no probative value in the face of the documentary evidence of respondent's title. Appellant also asserts that his denial of a landlord-tenant relationship raises an issue of fact requiring a trial. This argument is equally without merit. This denial, in effect, limits appellant's right to possession under the letter to that of agent under the power of attorney or of licensee. Either relationship would be terminated as a matter of law upon conveyance of the property. (*Panama Realty Co.* v. *City of New York,* 158 App. Div. 726.) There being no triable issues of fact raised by the answer, the judgment must be affirmed. Judgment affirmed, with costs. Herlihy, P. J., Reynolds, Staley, Jr., Greenblott and Cooke, JJ., concur in memorandum by Staley, Jr., J.