■ WANDA URBAN et al., Appellants, v. FRANCIS D. MALONEY, Respondent, et al., Defendants.—In a medical malpractice action to recover damages for personal injuries, plaintiffs appeal from two orders of the Supreme Court, Nassau County, the first dated October 13, 1971, granting the motion of defendant Francis D. Maloney to dismiss the complaint as to him for lack of prosecution, and the second, dated November 29, 1971, denying plaintiffs' motion to " re-argue". Appeal from order dated October 13, 1971 dismissed as academic in view of the determination herein on the appeal from the order dated November 29, 1971, without costs. Order dated November 29, 1971 reversed, without costs, in the exercise of discretion and in the interests of justice, plaintiffs' motion granted and defendant Francis D. Maloney's motion to dismiss the complaint denied, all on condition that plaintiffs' attorney personally pay said defendant $250 costs within 20 days after entry of the order to be made hereon. Although plaintiffs' second motion was labeled as one for reargument, it was in fact a new motion based upon additional facts and affidavits. Accordingly, the order denying that motion is appealable (*Bentz* v. *Krasner,*

15 A D 2d 669). In our opinion, plaintiffs did show that they have a meritorious cause of action. In such cases, in the interests of justice, it has been the policy of this court to afford a plaintiff so situated an opportunity to place his action on the calendar (*Giordano* v. *St. Clare's Hosp.*, 24 A D 2d 568). However, in opening plaintiffs' default in the interests of justice, this court may not condone their attorney's fault in moving this case to trial with reasonable celerity and in failing to respond to the 45-day notice served upon him pursuant to CPLR 3216; and for that reason imposes $250 costs upon him personally (*Springer* v. *Marangio,* 38 A D 2d 852; *Douglaston Estates* v. *Consolidated Edison Co. of New York*, 39 A D 2d 705). Martuscello, Gulotta and Christ, JJ., concur; Hopkins, Acting P. J., and Munder, J., dissent and vote to affirm both orders.