AL G. PRUDE, Appellant-Respondent, *v.* COUNTY OF ERIE, Respondent-Appellant.

Fourth Department, March 6, 1975.

*Lovallo, Matusick, Fiorella & Spadafora (Charles Fiorella* of counsel), for appellant-respondent.

*O'Connor, Wilken, Good & Lopat (David W. Beyer* of counsel), for respondent-appellant.

CARDAMONE, J.  The claimant, Al Glover Prude, appeals from an order of Special Term which denied his motion for leave to serve a late notice of claim arising out of an incident occurring on April 25, 1973 when a radiator cover located in the Erie County Courthouse fell on claimant fracturing his left ankle.

The last day to file a notice of claim against respondent, County of Erie, was July 24, 1973.  Claimant did not retain his present attorney until July 26, 1973, two days after the last day to file.  The attorney promptly served a notice of motion for leave to file a late notice of claim and attached to it an affidavit of the attending physician and a letter from the Veter-

ans' Administration of the Buffalo regional office which stated that claimant had a permanent and total disability for schizophrenia, paranoid type. The latter further revealed that the claimant had been hospitalized several times for this disability and was presently under medication, although the Veterans' Administration did rate him competent to handle the small monthly pension benefit check which he received. Special Term, upon these facts, concluded that the claimant had failed to show that his failure to file within 90 days was by reason of mental incapacity and, therefore, denied the motion to file and serve a late notice of claim. We cannot agree.

A late notice of claim may be granted at any time after 90 days and up to one year from the date of the injury, after which Special Term's discretion to ameliorate the statutorily imposed time limitation terminates (General Municipal Law, § 50-e, subd. 5). The reason for the 90-day Statute of Limitations within which to file claims against municipalities is to prevent undue advantage being taken when old claims are filed of which the municipality has no notice. To permit the filing of such stale claims prejudices the municipality because it has been deprived of the opportunity to make an investigation promptly after the occurrence of the incident which gave rise to the claim. In brief, the statute is a shield which the Legislature has imposed between the public treasury and claimants. Of course when the municipality has actual notice of the claim at the time when it happens and is thus afforded an opportunity to investigate the incident, it suffers no prejudice and the need for the statutory shield as a means to protect the municipality exists in a substantially diminished degree. To permit it full use as a bar in such a case would be to countenance it as a sword in the hands of municipalities to defeat otherwise meritorious claims and to deprive claimant of his day in court. We do not believe that it was so intended.

When considering discretionary " leave to serve a notice of claim within a reasonable time " where it is alleged that claimant " is mentally or physically incapacitated, and by reason of such disability fails to serve a notice of claim within the time specified " (General Municipal Law, § 50-e, subd. 5), each case must be decided on its own facts (*Matter of Reynolds* v. *Greece Cent. School Dist.*, 36 A D 2d 1020, 1021). Two issues must be carefully analyzed, however, before determining whether the 90-day period is a bar to filing: (1) quality of proof respecting mental incapacity; and (2) the prejudice to the municipality. Where the likelihood of prejudice is great, the proof of mental

incapacity must be strong to overcome the statutory shield and vice versa (see *Matter of Driskell* v. *City of New York,* 31 A D 2d 541).

In the instant case there can be no prejudice. The notice to respondent County of Erie occurred at the time of the incident — police and an ambulance were summoned to the scene. The county filed a notice of claim against claimant respecting medical expenses it had paid on his behalf, evidencing its actual notice of the claim. Thus, while the proof of mental incapacity need not be of the most convincing quality, there still must be some proof. Respondent County of Erie, contending that there was insufficient proof of mental incapacity, placed reliance upon the fact that claimant had not had a committee or a guardian appointed. Such is not a controlling consideration. Incompetent persons are wards of the court upon whom a duty devolves to protect both their persons and their property. The duty is not limited only to those cases in which a committee has been appointed but extends to every case where the issue of incompetency exists (*Wurster* v. *Armfield,* 175 N. Y. 256, 262; *Matter of Moore* v. *City of New York,* 276 App. Div. 585, 587). In our view the evidence of mental incapacity in this case was sufficient to require Special Term to grant claimant's motion for permission to file a late notice. Not only was claimant suffering a 100% total and permanent disability as a schizophrenic, but the evidence before Special Term indicated that his attorney had characterized claimant as acting " peculiar ", and his attending physician had stated that claimant was " mentally ill ". These facts evince a cognizable relationship between the fact of mental disability and the failure to file timely (*Matter of Osborn* v. *Board of Educ. of Marathon Cent. School Dist.,* 5 A D 2d 929, 930; see *Chao* v. *Westhill Cent. School Dist.,* 35 A D 2d 1071). Where a person lacks the ability and capacity due to mental affliction, whether of a chronic or a temporary nature, to pursue his lawful rights he should be relieved from the statutorily imposed strict time limitations (*Matter of Hurd* v. *County of Allegany,* 39 A D 2d 499, 502–503). Absent any prejudice to respondent County of Erie, we conclude that on the facts it was an abuse of Special Term's discretion to deny claimant's motion for permission to file a late notice of claim (*Matter of Osborn* v. *Board of Educ. of Marathon Cent. School Dist. supra*).

Finally, respondent's cross appeal from Special Term's order granting claimant's motion to renew is without merit. A motion to renew is made on the grounds of additional facts and law

not previously considered. As such, it is not as limited as a motion to reargue, which ordinarily may not be made after the time to appeal has expired (*Matter of Huie* [*Furman*], 20 N Y 2d 568, 572) and an order denying which is not appealable (*Matter of Robinson*, 30 A D 2d 702). However, an appeal may be taken from a denial of a motion for leave to renew (*Soffair* v. *Koffler*, 29 A D 2d 659; 2A Weinstein-Korn-Miller, N. Y. Civ. Prac., par. 2221.03), and a concurrent appeal from the original order upon a subsequent motion to renew may be dismissed as "academic" (7 Weinstein-Korn-Miller, N. Y. Civ. Prac., par. 5701.24). We conclude, therefore, that a motion to renew is not limited to the time within which an appeal may be taken. Thus, Special Term properly exercised its discretion in granting the claimant's motion to renew (CPLR 2221).

The order which denied claimant's motion for leave to seek a late notice of claim should be reversed and the application should be granted. The cross appeal from Special Term's order which granted claimant's motion to renew should be affirmed.

Marsh, P. J., Mahoney, Del Vecchio and Witmer, JJ., concur.

Order entered November 15, 1973 unanimously reversed on the law with costs to petitioner and motion granted; appeals from orders entered January 28, 1974 and April 3, 1974 dismissed as moot.