■ In the Matter of Olean Urban Renewal Agency, Respondent, v Iona Herman et al., Appellants.—Order unanimously affirmed, without costs. Memorandum: Respondents-appellants are owners of Olean Answering Service and Senior Citizens Residents Home. These businesses are located on land on which the Olean Urban Renewal Agency (Agency) acquired title by eminent domain in 1974. The Agency directed appellants to vacate the premises, and upon appellants' refusal to do so, instituted summary proceedings under article 7 of the Real Property Actions and Proceedings Law. Cattaraugus County Court granted a dispossess order to the Agency and this appeal followed. Appellants contend that the insufficiency of the petition deprived County Court of jurisdiction and that the Agency failed to satisfy Federally mandated grounds for eviction. We disagree. Section 741 of the Real Property Actions and Proceedings Law provides that: "The petition shall be verified and shall: * * * 4. State the facts upon which the special proceeding is based". The Agency's verified petition alleged that: "It is the owner in fee, and entitled to the possession of the lands and premises situate in the City of Olean, described in schedule 'A'. That on or about the

21st day of May, 1974, your petitioner acquired title in an eminent domain proceeding. That attached herewith and made a part hereof is schedule 'B', a copy of order. That the petitioner directed the respondents to vacate the premises on or before August 31, 1974. That the respondents have failed and refused to vacate the premises and are wrongfully holding over. Wherefore, your petitioner prays for a judgment removing the respondents and all parties holding under them from said premises". Appellants contend that at the trial, rather than relying on the "holdover" claim, the Agency presented proof in support of one of six Federally mandated requisites for eviction of an urban renewal tenant, to wit, "refusal to consider accommodations meeting relocation standards" (NDP Handbook, RHA 7384.1, ch 7, § 3, p 5; see Urban Renewal Handbook, RHA 7212.1, ch 2 § 1, p 7). Appellants urge that since the petition fails to allege compliance with and reliance on the Federal criteria, there is a jurisdictional defect in this summary proceeding because the petition does not state the facts upon which the proceeding is based (Real Property Actions and Proceedings Law, § 741, subd 4). The failure to plead compliance with the Federal criteria does not divest County Court of subject matter jurisdiction. The Federal regulations do not require the local public agency to both allege and prove compliance therewith (cf. *Giannini v Stuart,* 6 AD2d 418). *Pleading* compliance as distinguished from *proof* of compliance with the regulations is not a condition precedent to maintaining a proceeding brought pursuant to article 7 of the Real Property Actions and Proceedings Law *(Pelhut Realty Co. v White,* 77 Misc 2d 585, *Rosgro Realty Co. v Graynen,* 70 Misc 2d 808). Where there is both an insufficiency of the pleading and the proof the action must be dismissed *(Stier v President Hotel,* 28 AD2d 795). To sufficiently comply with section 741 of the Real Property Actions and Proceedings Law, the petition must give the court adequate notice of the transaction and the material elements of the proceedings *(Boll v Shanly,* 34 AD2d 875). We conclude that the Agency has sufficiently complied with the statute. It is not a jurisdictional requirement that the petition allege the tenants' failure to consider accommodations meeting relocation standards. Compliance with Federal regulations is a matter of proof. Further, there was no prejudice or surprise since appellants' answers in the prior eminent domain proceeding and the instant eviction proceeding both pleaded failure of compliance with federal regulations as an affirmative defense. The crux of appellants' claim on the merits is that the Agency has failed to demonstrate that the suggested accommodations meet Federal relocation standards which are required to serve as a basis for eviction. The Agency has applied for Federal funding and is subject to the Uniform Relocation Assistance Act of 1970 (US Code, tit 42, § 4601 *et seq.;* see General Municipal Law, § 74-b, subds 2, 3, par [b]). This act requires that the local public agency assist in the relocation of displacees. The sole burden of relocation is not placed on either the Federal or local agency but, rather, such agencies assist the displacee who must co-operate and make a personal effort to find a replacement facility. The Agency's relocation plan must provide for "effective" relocation assistance (see *M. M. Crockin Co. v Portsmouth Redevelopment & Housing Auth.,* 437 F2d 784). "The question whether relocation assistance is 'effective' is a question for the court to determine under all the circumstances; that the suitableness of a relocation site and the effectiveness of the relocation assistance are objective facts rather than matters of personal judgment by plaintiffs; and that the plaintiffs share the burden of continued efforts to find new locations for their operations" *(Home Furniture Co. of Charlotte v United States Dept. of Housing & Urban Development (HUD),* 324 F Supp 1401, 1404).

There is a clear distinction between the services to be provided to displacees of dwellings and displaced businesses. The only condition imposed on the local condemning authority on the right to immediate possession of a business concern is the giving of a 90-day notice to vacate *(815 Mission Corp. v Superior Ct. for City & County of San Francisco,* 22 CA3d 604; US Code, tit 42, § 4651, subd [5]). While appellants in this case are displaced from their dwellings as well as from their businesses, they do not contend that replacement housing is unavailable. The record supports a finding of agency compliance with federal law. (Appeal from part of order of Cattaraugus County Court, in summary eviction proceeding.) Present—Marsh, P. J., Cardamone, Mahoney, Del Vecchio and Witmer, JJ.