■ In the Matter of JOHN F. HOOKER et al., Appellants, v TOWN BOARD OF THE TOWN OF GUILDERLAND et al., Respondents.—Appeals from four orders of the Supreme Court at Special Term, entered June 23, 1975, August 21, 1975, April 2, 1976 and August 25, 1976 in Albany County, which, in a proceeding pursuant to CPLR article 78, (1) denied petitioners' motion for relief, pursuant to CPLR 2221, 5015 and writ of error *coram nobis,* (2) denied a motion for reargument of the prior denial of the motion, (3) denied petitioners' motion to add new parties and to vacate the original unappealed from order of dismissal and (4) denied petitioners' motion to settle the record. On August 9, 1974, petitioners instituted an article 78 proceeding to annul the special use permit and the building permit issued for the construction of a "Pizza Hut" on adjacent property. A special use permit had been granted by respondent zoning board on April 5, 1974 and a building permit had been issued on May 10, 1974. Special Term dismissed the article 78 proceeding, holding that insofar as it attacked the special use permit, it was time-barred because it had been instituted more than 30 days after the special use permit had been filed in the town clerk's office (Town Law, § 267, subd 7). The relief sought involving the building permit was denied upon the ground of failure to exhaust administrative remedies. An order based upon Special Term's decision was duly entered. No appeal was ever taken from this order. The instant proceedings were then commenced. The petitioners' November 21, 1974 motion was for relief "affordable under CPLR 2221, CPLR 5015 and by writ of error coram nobis" alleging, *inter alia,* falsification and alteration of records. Special Term denied the relief sought by petitioners, holding that CPLR 2221 was not a proper vehicle for the petitioners to use and that the charges of falsification were not supported by the evidence. One of the appeals that we are concerned with is from the order of June 23, 1975 which was entered upon Special Term's decision. The petitioners thereupon brought on a motion for reargument, which was denied without opinion. This order denying reargument was entered on August 21, 1975. The next motion was instituted on January 21, 1976, almost two years after the issuance of the disputed special use permit. In this application petitioners sought to revive their earlier motions, to add parties to the original article 78 proceeding and have the permits heretofore issued annulled on the ground of newly discovered evidence. Special Term again denied the relief sought. An order was entered on this decision on April 2, 1976. The last order appealed from, entered on August 25, 1976, resulted from an application to settle the record on this appeal and to vacate the April 2, 1976 order. This motion was denied, and it is not herein questioned on this appeal. It appears that the only order that is not before us for review is an appeal from the critical September 5, 1974 order dismissing the article 78 petition. On the oral argument of one of the motions, the petitioners' attorney stated that he could not disclose the reason why no appeal had been taken from the original order because the reason was a confidential matter between attorney and client. Without reciting the myriad details applicable to the orders appealed from, we note that we have examined the record and find that Special Term properly denied the motion for relief pursuant to CPLR 2221 because petitioners merely realleged the same facts that were presented in the original petition relating to the timeliness of their attack upon the issuance of the special

use permit. That part of the motion which sought reargument on the timeliness issue is not properly before us, since motions to reargue are not appealable. That part of the petitioners' motion that dealt with the building permit contains numerous new allegations and can be treated as a motion to renew. In such cases the test is whether Special Term's refusal to grant the renewal motion was an abuse of discretion *(Prude v County of Erie,* 47 AD2d 111). We hold that it was not. The new facts alleged were available to petitioners at the time they instituted the original proceeding, and there is no explanation in this record as to why those facts were then omitted *(Ecco High Frequency Corp. v Amtorg Trading Corp.,* 274 App Div 982, affg 81 NYS2d 897). The final part of the petitioners' November 21, 1974 motion deals with allegations of newly discovered evidence. There was nothing therein to justify Special Term exercising discretion to vacate its prior order. Nine days after Special Term rendered its decision denying the petitioners' aforesaid omnibus motion, petitioners moved for reargument to provide the court with "evidence of unlawful or irregular conduct" that was lacking in the prior motion. Essentially, this is a motion to renew a CPLR 5015 motion to vacate based on new facts. The same defect is present here as was present on petitioners' first motion in that there is a failure to present the requisite explanation of why the facts now presented were not presented on the earlier motion. Special Term properly denied the second motion to renew. By order to show cause dated January 21, 1976 petitioners sought, *inter alia,* to add three new respondents to the original article 78 proceeding, to declare the special use and building permits null and void and requested that the court make a *de novo* determination on the basis of new proof. Basically, petitioners alleged that when respondent Audillon, Inc., applied for the special use permit, it indicated that it was the owner of the property in question when, in fact, the owners were Eugene Audi and Edward Dillon, the two sole stockholders of Audillon, Inc. Such information could have been readily discovered by a routine title search because all of the relevant deeds had been duly recorded. Special Term did not commit an abuse of discretion in denying the relief sought. The April, 1976 motion basically sought to settle the record on appeal and to have Special Term's denial of the prior motion for relief vacated. Special Term denied this motion, and, as it appears that the record on appeal was settled by stipulation, this aspect of the instant appeal is moot. Orders affirmed, with costs. Greenblott, J. P., Kane, Main, Larkin and Mikoll, JJ., concur.