■ ANDREW ROY, Respondent, v NATIONAL GRANGE MUTUAL INSURANCE COMPANY, Appellant. — Appeal (1) from that part of a judgment of the Supreme Court at Special Term (Harvey, J.), entered July 11, 1980 in Saratoga County, which declared that defendant had no legal right to demand production of blood alcohol test results from plaintiff, and (2) from an order of said court, entered December 2, 1980 in Saratoga County, which denied defendant's motion to reargue. Plaintiff, while operating a motor vehicle insured by defendant, was involved in a one-car accident and sustained personal injuries. He made a claim to defendant for first-party benefits. Defendant twice demanded authorization to obtain the results of any blood alcohol tests administered to plaintiff. When plaintiff failed to respond, defendant notified plaintiff of its decision to disclaim. Plaintiff then commenced the instant action seeking a declaratory judgment. Both parties moved for summary judgment. Special Term found in favor of plaintiff and declared that defendant had no legal right to make the demands that it did upon plaintiff. Defendant sought reargument, which was denied. This appeal ensued. While not raised in the briefs, plaintiff, at oral argument on the appeal, moved to dismiss the appeal as untimely. The record demonstrates that the judgment appealed from was entered July 11, 1980 and the notice of entry and judgment served on defendant on July 14, 1980. The notice of appeal is dated December 9, 1980. Clearly, this was

untimely. Defendant, however, maintains that the appeal was timely, asserting that the second motion was one for renewal, rather than for reargument, and was made on May 20, 1980, nearly two months before the judgment was entered. The second motion was denied on November 25, 1980 and the order thereon entered December 2, 1980. The issue of the timeliness of the appeal narrows to whether the second motion was one for renewal or one for reargument. Clearly, the denial of a motion to reargue is not appealable (*Matter of Hooker v Town Bd. of Town of Guilderland,* 60 AD2d 684). If the second motion was one for renewal rather than reargument, the appeal is timely and such a denial is appealable (*Urban v Maloney,* 40 AD2d 531). The record reveals that the original motion was one for summary judgment and defendant cross-moved for the same relief. The basic issue was whether defendant was entitled to the results of the blood test. Plaintiff contended in his papers that defendant was not entitled to the results of the blood test since plaintiff was not convicted of driving while intoxicated. Defendant maintained that a conviction was not necessary to entitle it to the results of the test and, further, that it had no liability to plaintiff under the terms of the policy. The court narrowed the controversy to these two issues. He agreed with defendant on the first, but concluded that the terms of the policy in question did not require plaintiff to furnish the requested evidence. The record also demonstrates that the second motion was designated a motion to reargue. The order denied defendant the right to reargue. The argument advanced on the second motion was presented on the original papers and, in addition, there was an affidavit stating that defendant's attorney failed to call to the court's attention a regulation of the Insurance Department (11 NYCRR 65.15), which concerns, in part, an insurance company's entitlement to information about an applicant whom it believes was operating a motor vehicle while intoxicated. This regulation was in effect and available to defendant at the time the original motion was made. Since the second motion sought to confront the court with a regulation of the Insurance Department which was thought to have been overlooked and no new facts were presented, we are of the view that the motion was one for reargument, and its denial is not appealable (*Sunbeam Corp. v Morris Distr. Co.,* 55 AD2d 722, mot for lv to app den 41 NY2d 802; *Matter of Biscaglio v Roshan Taxi,* 43 AD2d 919). The fact that the motion to dismiss the appeal was not made until oral argument on the appeal is immaterial, since the alleged defect is jurisdictional in nature and may be raised at any time. Consequently, the appeal should be dismissed. In view of this determination, we do not reach the merits. Appeal dismissed, without costs. Mahoney, P. J., Sweeney, Kane, Casey and Weiss, JJ., concur.