■ RONA EPSTEIN, Respondent, v STATE OF NEW YORK, Appellant. (Claim No. 66084.) — Appeal by the State of New York from an order of the Court of Claims (McCabe, J.), dated December 3, 1981, which granted claimant's motion pursuant to subdivision 6 of section 10 of the Court of Claims Act for leave to file a late claim. Order affirmed, with $50 costs and disbursements. In our opinion, the Court of Claims properly exercised its discretion in permitting the claimant to file a late claim. Subdivision 6 of section 10 of the Court of Claims Act directs the court, in determining whether to permit late filing of a claim, to consider, among other factors, the following: "whether the delay in filing the claim was excusable; whether the state had notice of the essential facts constituting the claim; whether the state had an opportunity to investigate the circumstances underlying the claim; whether the claim appears to be meritorious; whether the failure to file a timely claim * * * resulted in substantial prejudice to the state; and whether the claimant has any other available remedy." The claimant herein sustained serious injuries when the vehicle which she was driving along Hempstead Turnpike in the Town of Hempstead, was struck by an automobile which was traveling in the opposite direction and "catapult[ed] off the barrier." She was hospitalized for more than five months during which period she was incapacitated. Upon her release from the hospital, she was still in need of extensive therapy and was not functioning at her normal mental capacity due to brain damage. She has already incurred more than $75,000 in hospital and medical costs and faces the prospect of incurring further such expenses in the future. In the claim, it is alleged that the State was negligent in the design and maintenance of the median and guardrail since it enabled the other vehicle to "catapult" over it. Such a claim appears to be meritorious (see, e.g., *Zalewski v State of New York,* 53 AD2d 781). Furthermore, the State cannot seriously argue that it will be substantially prejudiced by permitting the filing of a late claim. The State erected the barrier in question and sometime following the accident herein, the State replaced the then-existing metal barrier with an allegedly safer box-beam type barrier. Clearly, in view of this conduct by the State, it cannot be seriously argued that it had no knowledge of the essential design characteristics of the

barrier in question or of the manner of its installation, and thus it would not appear to be substantially prejudiced in its preparation of a defense to the claim, which is predicated in the final analysis upon the alleged negligent design and maintenance of the barrier. Finally, it is important to note that if the claimant were not permitted to file late, she would, in effect, be left without any other available remedy. The driver of the other vehicle had only $10,000 in insurance coverage. The claimant's medical expenses are already many times more than that, and she has been unable to work. She faces the prospect of future operations and extensive therapy. Accordingly, the court properly granted the claimant leave to file a late claim. Damiani, J. P., Mangano, Gulotta and Niehoff, JJ., concur.