■ SPANCRETE NORTHEAST, INC., Respondent, v TRAVELERS INDEMNITY COMPANY, Appellant. — Appeals (1) from an order of the Supreme Court at Special Term (Hughes, J.), entered April 12, 1983 in Albany County, which, *inter alia,* granted plaintiff's motion to strike defendant's answer and awarded plaintiff judgment by default on the issue of liability, and (2) from an order of said court, entered June 30, 1983 in Albany County, which denied defendant's motion for leave to reargue. The instant action was commenced in June, 1982 based upon allegations that defendant, the surety on a performance bond given plaintiff under a construction subcontract, had exercised bad faith in refusing payment under the bond based upon its principal's nonperformance and in connection with a then pending arbitration proceeding between plaintiff and defendant's principal. On July 19, 1982, after defendant answered the complaint, plaintiff served defendant with a notice of deposition and, when defendant failed to comply therewith, moved for an order compelling disclosure. Defendant defaulted on the motion and an order was granted by Special Term (Cobb, J.) on September 14, directing defendant's appearance through named officers at a deposition to be held September 21. Defendant failed to appear at the scheduled deposition. Plaintiff then moved for an order striking defendant's answer. Defendant opposed the motion on the ground that, on September 20, 1982, it

served by mail a motion for summary judgment which, under CPLR 3214 (subd [b]), automatically stayed disclosure. Although actual service of the motion for summary judgment was disputed by plaintiff, Special Term (Cobb, J.) accepted defendant's excuse and denied the motion. In November, defendant's motion for summary judgment was denied. Plaintiff then renewed its attempt to obtain court-ordered disclosure by motion, which was granted in a consent order (Williams, J.), dated December 9, 1982. The order directed defendant's appearance for examination before trial on January 6, 1983. Defendant then served a notice of appeal from the denial of its prior motion for summary judgment. On January 5, 1983, plaintiff's attorneys received a telephone request through a secretary in the office of defendant's attorneys for an extension of time for the deposition scheduled the next day, which was refused. Defendant did not appear for the scheduled deposition. Instead, it moved by order to show cause dated January 5, 1983, granted by a Justice of the Supreme Court sitting in Nassau County, for a stay of disclosure pending appeal from the denial of its motion for summary judgment. In response to defendant's failure to appear at the January 6 deposition, plaintiff again moved to have defendant's answer stricken for its failure to disclose (CPLR 3126). Defendant now appeals from Special Term's order granting the motion to strike and awarding plaintiff judgment by default on the issue of liability. Initially, we reject defendant's contention that, by reason of the January 5, 1983 motion to stay disclosure, Special Term was precluded from basing its decision on defendant's failure to appear for the January 6 deposition. Defendant relies on CPLR 3103 (subd [b]), which provides that the service of a notice of motion for a protective order has the automatic effect of suspending disclosure, thus relieving defendant from its obligation of being deposed. However, defendant's January 5 motion to stay disclosure was not purportedly brought for the purposes of obtaining a protective order pursuant to CPLR 3103, nor was its supporting affidavit based in form or substance upon the grounds set forth in that section for obtaining a protective order. Additionally, defendant's assertion that it relied in good faith upon the automatic stay provision of CPLR 3103 (subd [b]) is somewhat if not totally undercut by the fact that a portion of the proposed January 5 order to show cause it submitted contained a specific stay pending determination of the motion, but that was stricken by the Justice granting the order. Moreover, even if the January 5 motion was effective to stay disclosure, Special Term was not prevented from concluding that the bringing of that motion was the culmination of a course of conduct deliberately designed to hinder and prevent the orderly process of pretrial disclosure until defendant's appeal from the denial of its motion for summary judgment was decided and the then pending arbitration proceeding between plaintiff and defendant's principal on the bond was completed (see *Laverne v Incorporated Vil. of Laurel Hollow,* 18 NY2d 635, 638, app dsmd 386 US 682). Special Term had sufficient grounds for arriving at that conclusion on the basis of defendant's total disregard of plaintiff's July 19, 1982 notice of deposition, its attorneys' representation of willingness to submit to discovery in consenting to the December 9, 1982 order of deposition (belied by their conduct shortly thereafter), and its repeated resort to the device of bringing on a last-minute motion to avoid previously scheduled disclosure. The tactics defendant employed merit the imposition of serious sanctions. Nevertheless, they were not so blatantly contumacious as to require the ultimate penalty of striking its answer on a substantial claim against which it has credible defenses. In disagreeing with Special Term to this limited extent, we note that the court rejected defendant's justification for its failure to comply with the disclosure order of September 14, 1982, on the assumption that Justice Cobb had therein specifically directed that disclosure would not be otherwise stayed.

The record reveals, however, that the September 14 order contained no such direction; indeed, in a subsequent decision, Justice Cobb accepted defendant's position that his prior order was automatically stayed by defendant's later motion for summary judgment. Under these circumstances, we deem the imposition of a substantial monetary penalty sufficient. Special Term's order of June 30, 1983 was clearly one denying a motion to reargue, the specific relief expressly requested in defendant's attorneys' supporting affidavits on the motion. Such an order is not appealable (*Roy v National Grange Mut. Ins. Co.,* 85 AD2d 832; *Matter of Hooker v Town Bd.,* 60 AD2d 684). Order entered April 12, 1983 reversed, on the law and the facts, without costs, and plaintiff's motion to strike defendant's answer denied on condition that (1) if plaintiff desires further examination of defendant and serves notice thereof within 90 days after service upon defendant of a copy of the order to be made herein, with notice of entry thereof, defendant produce for said examination its appropriate officers and/or employees having knowledge of the facts, on written notice of not less than 10 days; and (2) defendant pay the sum of $3,000, $1,500 to plaintiff and $1,500 to plaintiff's attorneys, within 20 days after the service upon it of a copy of the order to be made herein, with notice of entry thereof. In the event that either of the conditions is not complied with, order affirmed, with costs. Appeal from order entered June 30, 1983 dismissed, with costs. Mahoney, P. J., Main and Levine, JJ., concur.

Casey and Weiss, JJ., concur in part and dissent in part in the following memorandum by Casey, J. Casey, J. (concurring in part and dissenting in part). The record clearly indicates that defendant engaged in a course of conduct that was dilatory, evasive, obstructive and calculated to prevent plaintiff from obtaining disclosure. Between September 2, 1982 and January 20, 1983, plaintiff's attorney appeared at Special Term on six occasions in order to compel defendant to appear for an examination before trial. Defendant's conduct justified striking the answer (*Sony Corp. v Savemart, Inc.,* 59 AD2d 676, 677). Defendant argues that service of its notice of motion for summary judgment on September 20, 1982 automatically stayed under CPLR 3214 (subd [b]) the September 14, 1982 order of Justice Cobb scheduling depositions for September 21, 1982. While this may be true (see Siegel, Practice Commentaries, McKinney's Cons Laws of NY, Book 7B, CPLR 3214:2, p 856), contrary to Special Term's conclusion on this issue, the denial of defendant's motion for summary judgment on November 17, 1982 by Justice Pitt effectively removed the stay, which did not extend to the appeal from the order denying defendant's motion for summary judgment (*Deacon's Bench v Hoffman,* 88 AD2d 734). Therefore, defendant was required to comply with the disclosure order of Justice Williams of December 9, 1982 scheduling such examination on January 6, 1983. Again defendant failed to appear or to notify plaintiff that it would not attend, after representing to Justice Williams that it was ready, willing and able to appear on January 6, 1983 and even consenting to the entry of the order so providing. The imposition of the ultimate sanction by Special Term of striking defendant's answer, granting plaintiff judgment by default on the issue of liability and directing an immediate trial as to the issue of damages was, therefore, a proper exercise of Special Term's discretion and its determination should be affirmed.