■ OLEAN URBAN RENEWAL AGENCY, Respondent, v IONA HERMAN et al., Appellants. — Order unanimously reversed, with costs, defendants' motion to renew granted and defendants' motion for summary judgment granted in part, in accordance with the following memorandum: Defendants appeal from an order denying their motion for leave to renew their prior summary judgment motion. Plaintiff, which had acquired title to defendants' commercial property by eminent domain in May, 1974 (see General Municipal Law, § 555; see, also, *Matter of Olean Urban Renewal Agency v Herman,* 50 AD2d 1081), brought the within action on August 17, 1979 to recover rent for the period from July, 1974 to January, 1976. Defendants' answer generally denied the allegations of the complaint which simply alleged that they owed rent for their use and occupancy of the premises. Plaintiff pleaded no specific statutory authority as the basis for its claim, nor did it set forth any such authority in response to defendants' specific bill of particulars demand. It claimed that defendants by remaining in possession of the property are obligated "as a matter of law" to pay for their use and occupancy, and also predicated liability on the provisions of the "Olean Urban Renewal Agency Rental & Property Management Policies" and the "Land Acquisition Handbook" and "Urban Renewal Handbook." On November 19, 1979, defendants moved for summary judgment, alleging that they had never entered into a landlord-tenant relationship with plaintiff, nor made any agreement to pay it rent for their use of the premises. Pending determination of the motion the court, *sua sponte,* asked the parties to brief the question of whether section 127 of the Public Housing Law, which then imposed liability for reasonable rent upon owners of property acquired under the provisions of that law (see L 1965, ch 467), was applicable to the case. Although plaintiff did not urge that the section was applicable and defendants argued that it was inapposite, the court granted partial summary judgment to plaintiff on the issue of liability under section 127 and ordered that a trial be held on reasonable rental value. No appeal was taken from this order, but before the time to appeal had expired defendants moved pursuant to CPLR 2221 for leave to renew their summary judgment motion. As grounds defendants argue that plaintiff failed to predicate liability on the statute, and that they were "prevented, through surprise" from asserting as a complete defense the applicable three-year Statute of Limitations (CPLR 214, subd 2), a period of limitation which had expired in January, 1979, several months before plaintiff commenced the within action. The court rejected the claim of surprise and denied the application, finding that the defendants waived the Statute of Limitations defense by their failure to raise the issue in their answer or in their previous arguments before the court. We disagree and hold that the court's denial was an abuse of discretion (see *Fahey v County of Ontario,* 44 NY2d 934; cf. *Matter of Hooker v Town Bd.,* 60 AD2d 684, 685). ¶ We view defendants' motion as one to renew, and not as one to reargue, since it was "made on the ground of additional facts and law not previously considered" (*Prude v County of Erie,* 47 AD2d 111, 113-114). Defendants sought reconsideration of their motion in light of the applicable Statute of Limitations, a matter not before the court on the original motion (cf. *Roy v National Grange Mut. Ins. Co.,* 85 AD2d 832). Although renewal should be denied where no valid excuse is offered for not submitting the additional facts upon the original application, or where a party moves again on a different legal argument merely because he

was unsuccessful upon the original application (see *Foley v Roche,* 68 AD2d 558, 568), it is improvident to deny leave to renew where it may fairly be said that the new matter was not raised because of excusable mistake or inadvertence (see *Wallach Agency v Bank of New York,* 75 AD2d 878, 880). In our view, the failure of defendants here timely to raise the Statute of Limitations defense in their answer or in a motion to dismiss under CPLR 3211 (subd [a], par 5) was understandable and excusable since the court interjected section 127 of the Public Housing Law into this case after the motion papers had been filed and the motion argued. Based on the pleadings and bill of particulars, defendants had no real reason before the court rendered its decision to assert the defense as a bar to a claim based upon liability imposed by the statute. ¶ Although a defendant is generally required to plead an affirmative defense (CPLR 3018, subd [b]), and leave to amend a pleading should be freely given (CPLR 3025, subd [b]), a court may grant summary judgment based upon an unpleaded defense where reliance upon that defense neither surprises nor prejudices the plaintiff (see *Herbert F. Darling, Inc. v City of Niagara Falls,* 69 AD2d 989, 990; see, also, *Esa v New York Prop. Ins. Underwriting Assn.,* 89 AD2d 865; Siegel, Practice Commentaries, McKinney's Cons Laws of NY, Book 7B, CPLR C3212:10, C3212:11). Here the papers on the renewal motion apprised plaintiff of the Statute of Limitations defense and it had ample opportunity to address this issue. It asserted only that defendants waived this defense, and did not claim, and does not now claim, that it was surprised or prejudiced. County Court should have vacated its order granting plaintiff partial summary judgment and, since the motion papers established the Statute of Limitations defense sufficiently to warrant judgment as a matter of law (see CPLR 3212, subd [b]), granted defendants partial summary judgment on the issue of liability under section 127 (see *Rogoff v San Juan Racing Assn.,* 77 AD2d 831, affd 54 NY2d 883). The case is remitted to County Court to determine defendants' summary judgment motion addressed to the theory of liability framed by the pleadings. Plaintiff's cause of action based on section 127 is severed and summary judgment held in abeyance pending the determination of plaintiff's remaining cause of action (CPLR 3212, subd [e], pars 1, 2). (Appeal from order of Cattaraugus County Court, Newman, J. — motion to renew.) Present — Doerr, J. P., Boomer, Green, O'Donnell and Schnepp, JJ.