■ GARY M. HUGELMAIER, Respondent, v TOWN OF SWEDEN, Appellant, et al., Defendants. (Appeal No. 2.) — Order reversed, without costs, and motion denied. Memorandum: Special Term abused its discretion in granting plaintiff's motion to renew argument on defendant's previous motion for summary judgment, decided in plaintiff's favor, so as to allow plaintiff to include additional evidence in the record on appeal of the previous motion. A motion for renewal "should be denied where no valid excuse is offered for not submitting the additional facts upon the original application" (*Olean Urban Renewal Agency v Herman*, 101 AD2d 712). Plaintiff's attorney's affidavit in support of the motion to renew fails to set forth any reason why the proffered evidence was not originally submitted in opposition to defendant's motion. Further, the motion to renew was not made until defendant's brief had been filed, the record prepared and preargument conference proceedings had begun. All concur, except Callahan and O'Donnell, JJ., who dissent and vote to affirm, in the following memorandum.

Callahan and O'Donnell, JJ. (dissenting). Special Term properly exercised its discretion in granting the motion to renew pursuant to CPLR 2221 to include additional evidence (an expert's affidavit). The statute permits a motion to renew for the purpose of supplying defects in proof or offering new or additional evidence (see Siegel, NY Prac, § 254, p 314). The application is not limited to the time within which an appeal may be taken (*Prude v County of Erie*, 47 AD2d 111, 114), as the court continues to possess inherent discretionary power to reconsider its own order in the interest of substantial justice (*Matter of Unterman*, 57 AD2d 745, 746). Furthermore, the court has discretion to grant renewal even upon facts known to the movant at the time of the original motion (*Esa v New York Prop. Ins. Underwriting Assn.*, 89 AD2d 865, 866; *Coastal Pollution Control Servs. v Poughkeepsie Housing Auth.*, 78 AD2d 847). (Appeal from order of Supreme Court, Monroe County, John J. Conway, J. — summary judgment.) Present — Dillon, P. J., Callahan, Doerr, O'Donnell and Moule, JJ.

■ In the Matter of JOSEPHINE ANTONUCCI et al., Respondents. MARY RIGGI, as Administratrix of the Estate of CHARLES RIGGIE, Also Known as CHARLES RIGGI, Deceased, Appellant. — Decree unanimously affirmed, with costs, for the reasons stated in memorandum decision at Surrogate's Court, DiFlorio, S. (Appeal from decree of Niagara County Surrogate's Court, DiFlorio, S. — will probate.) Present — Dillon, P. J., Callahan, Doerr, O'Donnell and Moule, JJ.