■ EAST SIDE BUILDING WRECKERS, Respondent, v ANACONDA INDUSTRIES, a Division of ANACONDA COMPANY, WIRE AND CABLE DIVISION: ANACONDA INDUSTRIES, INC., et al., Appellants.—Casey, J. P. Appeal (1) from an order of the Supreme Court at Special Term (Kahn, J.), entered May 18, 1984 in Rensselaer County, which granted plaintiff's motion for judgment in the sum of $257,460, and (2) from the judgment entered thereon.

By order dated July 25, 1983, plaintiff was granted summary judgment in the underlying action for breach of a demolition contract, and a trial was directed to assess plaintiff's damages. The order further provided that 21 informational documents or records, previously stipulated to be produced by defendant, would be furnished to plaintiff within 30 days. These items were deemed necessary on the issue of plaintiff's damages because the contract provided that plaintiff was entitled to all removable salvage and scrap. The items in question were listed in Schedule A attached to the order. Although defendants did reply within 30 days, they failed to answer 16 of the 21 demands, except to state in a letter of August 25, 1983 that "this information is not available", "this information is unknown" and "no such documents exist" Despite its stipulation, defendants gave no further explanation or indication where the requested informational items might be, or what efforts were made to obtain them. Notably, this letter was written about 15 days after plaintiff moved pursu-

ant to CPLR 3126 for an order declaring that defendants had willfully failed to disclose the information and fixing plaintiff's damages in the sum of $257,460.

Special Term ordered a hearing to determine the issue of willful failure to disclose. At the hearing, the former vice-president and counsel for defendants' Wire and Cable Division testified, without specifying, that some of the demands required by Schedule A had been shipped in boxes to the buyer of defendants' plant and that some were given to the buyer at the closing by the witness. Special Term determined that defendants had withheld this information willfully and contumaciously by use of words such as "not available", in violation of its stipulation to produce, and concluded that defendants had made a previously stipulated possible disclosure impossible. Special Term, therefore, granted plaintiff's motion and awarded damages in the sum of $257,460, as requested in plaintiff's bill of particulars.

Although, in the circumstances, Special Term could properly find defendants' failure of compliance to have been willful, we do not consider defendants' tactics so blatantly contumacious as to require the awarding of damages in the sum of $257,460, without proof thereof, as an appropriate sanction (see, Spancrete Northeast v Travelers Indem. Co., 99 AD2d 623). In our view, defendants should be granted one final opportunity to comply with the stipulation.

Order and judgment reversed, on the law and facts, without costs; plaintiff's motion to enter judgment in the sum of $257,460 denied on condition that (1) defendant complies with the stipulation of the parties entered into September 9, 1982 within 20 days after service upon defendant of a copy of the order to be entered upon this decision with notice of entry, or, if it cannot comply with respect to any item sought, defendants submit an affidavit of a person with knowledge of the facts as to the specific efforts engaged in to secure that item, and (2) defendants pay the sum of $5,000 to plaintiff and $3,500 to plaintiff's attorneys within 20 days after service upon it of a copy of the order to be entered upon this decision with notice of entry; in the event that either of these conditions is not complied with, order and judgment affirmed, with costs. Casey, J. P., Weiss, Mikoll, Levine and Harvey, JJ., concur.