■ JOSEPH WEAVER, Appellant, v STATE OF NEW YORK, Respondent.—In a proceeding for leave to file a late claim against the State of New York, the appeal is from an order of the Court of Claims (Lengyel, J.), dated March 1, 1984, which denied the claimant's motion to renew a prior application for leave to file a late claim which had been denied by order of the Court of Claims dated May 9, 1983.

Order dated March 1, 1984 reversed, on the law, without costs or disbursements, motion to renew granted, and, upon renewal, order dated May 9, 1983 vacated, and application to file a late claim against the State granted. Claimant's "proposed claim" is deemed served.

We note at the outset that the Court of Claims erred in treating claimant's motion as one "to reargue" and accordingly denying it "as untimely". The claimant's motion was clearly one to renew a prior unsuccessful application to file a late claim against the State, since it contained new material facts which were not presented on the original application (*see, Keh Soo Park v White Eng. Corp.,* 99 AD2d 719, 720; *Roy v National Grange Mut. Ins. Co.,* 85 AD2d 832, 833; *Rector, Church Wardens & Vestrymen v Committee to Preserve St. Bartholomew's Church,* 84 AD2d 309; *Prude v County of Erie,* 47 AD2d 111, 113-114). Moreover, the instant motion to renew was timely brought, since it "is not as limited as a motion to reargue, which ordinarily may not be made after the time to appeal has expired" (*Prude v County of Erie, supra,* at p 114). Further, the denial of a motion to renew is appealable (*see, Rector, Church Wardens & Vestrymen v Committee to Preserve St. Bartholomew's Church, supra; Prude v County of Erie, supra*).

Under the circumstances at bar, the Court of Claims abused its discretion in denying the claimant's application for leave to file a late claim.

The claim arose out of an accident which occurred on November 7, 1982, when the claimant allegedly fell off his motorcycle due to a pothole located on the ramp of exit 6 of the Cross County Parkway.

Although a claim against the State must normally be filed "within ninety days after the accrual of such claim" (Court of Claims Act § 10 [3]), the Court of Claims may allow the filing of a late claim, after considering the following factors (Court of Claims Act § 10 [6]): "[W]hether the delay in filing the claim was excusable; whether the state had notice of the essential facts constituting the claim; whether the state had an opportunity to investigate the circumstances underlying the claim; whether the claim appears to be meritorious; whether the failure to file a timely claim or notice of intention resulted in substantial prejudice to the state; and whether the claimant has any other available remedy." It is also well settled that in deciding whether to grant an application for leave to file a late claim, the presence or absence of any one of these factors is not controlling (*Simpson v State of New York*, 96 AD2d 646; *Kelly v State of New York*, 88 AD2d 613; *Matter of Butler v State of New York*, 81 AD2d 834; *Block v New York State Thruway Auth.*, 69 AD2d 930).

The record indicates that the claimant diligently pursued his claim against Westchester County during the initial 90-day period after being assured by personnel in the Westchester County Attorney's office that the county owned the Cross County Parkway. It was not until February 22, 1983 that claimant's counsel learned from the county's insurer that the county was disclaiming responsibility and that New York State apparently owned the Cross County Parkway. Thereafter, claimant's counsel moved promptly for an order allowing the filing of a late claim against the State.

After his initial motion to file a late claim was denied, claimant moved to renew in late January 1984. In support of that motion, claimant submitted excerpts from an examination before trial dated January 23, 1984 of an "Assistant Superintendent for Westchester County Maintenance".

The testimony of this witness at his examination before trial indicated, contrary to what was alleged in an affidavit of an engineer employed by the State, that the accident site was owned by the State of New York and maintained by the State Department of Transportation. This exhibit, as well as certain photographs submitted by the claimant in support of the motion to renew, indicated that the claimant appeared to have

a meritorious claim against the State (*Epstein v State of New York*, 88 AD2d 967).

Finally, the State failed to demonstrate that it would suffer substantial prejudice if the application were granted in view of the fact that (1) the State's engineer made an investigation of the accident scene on March 31, 1983, less than two months after the expiration of the 90-day period, along with the Westchester County police officer who investigated the accident, and obtained the latter's police accident report, and (2) the condition of the accident site on March 31, 1983 was, in the opinion of the State's engineer, no different from what it was on November 7, 1982, the day of the accident.

The cases cited by the State are inapposite. In *Gatti v State of New York* (90 AD2d 840), where the application to file a late claim against the State was denied, claimant alleged that she mistakenly believed that the accident occurred on a town road rather than on a State highway. The court rejected this excuse and also noted that the 23 1/2-month delay in making the claim would prejudice the State in view of the "transitory" nature of the ice condition which was alleged to have been the proximate cause of the accident. Similarly, in *Erca v State of New York* (51 AD2d 611, *affd* 42 NY2d 854), the claimant simply alleged that his delay in filing a claim against the New York State Thruway Authority was the result of his inadvertent belief that the Tappen Zee Bridge was under the jurisdiction of the State, rather than the State Thruway Authority. The facts at bar are distinguishable in that claimant's counsel proceeded diligently, albeit mistakenly, against the County of Westchester based on erroneous information supplied to him by personnel of the County of Westchester to the effect that the accident site was under the county's jurisdiction. When confronted with the mistake, counsel moved expeditiously for leave to file a late claim against the State (*see, Matter of Gross v State of New York*, 9 AD2d 594; *Matter of Lebensfeld v State of New York*, 14 Misc 2d 936).

Accordingly, claimant's application to file a late claim against the State should be granted. Mollen, P. J., Mangano, O'Connor and Weinstein, JJ., concur.