OPINION OF THE COURT
Robert F. Dolan, J.
Petitioner commenced this nonpayment proceeding alleging that respondent failed to pay utility charges totaling $811. Respondent now moves to dismiss this case on the grounds *768 that there is no provision in a Housing Voucher Program (24 CFR 887) for the payment of utility charges.
FACTS
Respondent occupies the premises pursuant to the Housing Voucher Program, pursuant to section 8 (o) of the United States Housing Act of 1937 (42 USC § 1437f [o]) which is governed by 24 CFR 887. The purpose of the Housing Voucher Program is to assist eligible families to pay rent for decent, safe, and sanitary housing. (24 CFR 887.1.)
Petitioner contends that there are two leases between landlord and tenant, one a standard New York lease with amendments added by landlord, and the lease prepared by Department of Housing and Urban Development (HUD) pursuant to 24 CFR 887.209. There is no basis in law or in fact that would require two leases, one applying State law and another applying Federal law covering the same residential premises between the same parties.
In a Federally subsidized housing program the lease must be signed by the owner and family and must be approved by the Public Housing Agency (PHA) (24 CFR 887.209). Therefore the only valid lease between the parties in this case is the lease entitled Section 8 Existing Housing Plan Residential Lease dated February 24, 1993, signed by the owner and family and approved by PHA (24 CFR 887.209 [a]).
An owner may not terminate a tenancy in a Housing Voucher Program except as provided in 24 CFR 887.213. The owner may evict a tenant from the unit only by instituting a court action after notifying the PHA in writing at the same time that the owner gives written notice to the tenant (24 CFR 887.213 [c]).
A petitioner need not allege that the leased premises are subject to the CFR. In Washington Plaza Assoc. v Morgan (NYLJ, Feb. 21, 1990, at 26, col 3), involving a nonpayment summary proceeding, the court pointed out that pleadings in summary proceedings ought to contain allegations that the subject premises are Federally subsidized. Since different procedural rules are required when a housing unit is Federally subsidized, it would only seem logical that the pleading allege compliance with these rules.
However, the Second Department holds that a petition need not allege that the leased premises are subject to the CFR. (Matter of Olean Urban Renewal Agency v Herman, 50 AD2d *769 1081; see also, Lamlon Dev. Corp. v Owens, 141 Misc 2d 287 [1988]; 215-219 Union Ave. Assn. v Miller, 134 Misc 2d 507 [1987]; 3 Rasch, New York Landlord and Tenant—Summary Proceedings § 50:7 [3d ed, 1993 Supp].)
It is the decision of this court that since petitioner failed to comply with the Federal regulations in a section 8 Existing Housing Voucher Program, requiring a written notification to the tenant of the termination of her tenancy prior to the commencement of the summary proceeding, the application by the tenant is granted and this action is dismissed.