## Matter of Nicholson

2025 NY Slip Op 34595(U)

December 12, 2025

Surrogate's Court, New York County

Docket Number: File No. 2013-1194/F

Judge: Rita Mella

Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service.

This opinion is uncorrected and not selected for official publication.

ENTERED

DEC 1 2 2025

DATA ENTRY DEPT
New York County Surrogate's Court

SURROGATE'S COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK
-------------------------------------------------------------------------x
In the Matter of the Accounting of James A. Nicholson
and Justin M. Nicholson as Co-Trustees of the Trust
Established under Section A of Article FOUR of the
Will of                                                                      DECISION and ORDER
        RONALD A. NICHOLSON,                              File No.: 2013-1194/F
                          Deceased.
-------------------------------------------------------------------------x
M E L L A, S.:

The following papers were considered on Petitioners' motion for a protective order:

| Papers Considered | Numbered |
|---|---|
| Notice of Petitioners' Motion for a Protective Order with Affirmation of Anne C. Bederka, Esq., in Support, Attaching Exhibits | 1, 2 |
| Affirmation of Hillary A. Frommer, Esq., in Support of Cross-Motion, Attaching Exhibits and Proposed Order to Show Cause | 3, 4 |

At the call of a special calendar on October 28, 2025, in this first intermediate accounting by James Nicholson (James) and Justin Nicholson (Justin) as Trustees of the marital trust established under the will of their father, decedent Ronald Nicholson (the Marital Trust Accounting), the court denied the Trustees' motion for the issuance of a protective order (CPLR 3103) to adjourn three scheduled depositions. The depositions at issue were Justin's as Co-Trustee, scheduled for November 12 and 13, 2025, and those of two non-parties, Norma Taylor and Laurie Hoffman, scheduled for October 30 and November 19, 2025, respectively (collectively, Depositions).

The Marital Trust Accounting is one of three substantial, vigorously litigated matters pending in this court, which pit James and Justin against decedent's surviving spouse, Patricia Nicholson (Patricia).[1] Patricia has filed objections in the Marital Trust Accounting and in the final accounting of James and Justin as Co-Executors of decedent's estate (Estate Accounting). She is also battling James and Justin in their proceeding as Trustees of the Marital Trust in which

---

1 Patricia is Justin's mother. James is a child from a prior relationship of decedent.

they seek the court's advice and direction (*see* SCPA 2107) with respect to the allocation of taxes incurred on the sale of certain real estate investments owned by the Marital Trust (Advice and Direction Proceeding). The parties have completed discovery in the Estate Accounting and the Advice and Direction Proceeding, and dispositive motions in each of these proceedings have been filed.

In seeking to adjourn the Depositions, which had been scheduled pursuant to a stipulation of the parties governing discovery that had been twice amended by them in the last several months, the Trustees claimed that certain of Patricia's objections in the Marital Trust Accounting were substantially similar to certain objections that Patricia made in the Estate Accounting. They further claimed that resolution of such objections by the court in the Estate Accounting may have preclusive effect on the similar objections in this Marital Trust Accounting, thereby obviating the need for discovery with respect to them. The Trustees requested that the Depositions be adjourned until after November 25, 2025, the date that the parties' dispositive motions regarding Patricia's objections in the Estate Accounting were scheduled for oral argument.

After hearing the parties' arguments, the court concluded that, on the record before it, the Trustees' arguments were insufficient to meet their burden for the imposition of a protective order. The court first noted that in *Balsamello v Structure Tone, Inc.* (226 AD3d 580 [1st Dept 2024]), the Appellate Division made clear that "a court's power to limit otherwise proper use of a disclosure device should be exercised *only* for the purpose of avoiding 'unreasonable annoyance, expense, embarrassment, disadvantage or other prejudice'" (*id.* at 582 [emphasis added]). The court then determined that the Trustees had not demonstrated that proceeding with the Depositions at issue would result in "unreasonable annoyance, expense, embarrassment,

2

disadvantage, or other prejudice" that CPLR 3103(a) contemplates, particularly in view of the parties' agreement as to a deposition schedule set for several months (*see e.g. G.B. v Equinox Holdings, Inc.*, 240 AD3d 842 [2d Dept 2025] [the party seeking a protective order bears the burden of making a factual showing of "unreasonable annoyance, expense, embarrassment, disadvantage, or other prejudice" (citation omitted, quoting CPLR 3103[a])]; *Born to Build, LLC v Saleh*, 115 AD3d 780 [2d Dept 2014]).

Additionally, the court found that, given the advanced stage of discovery in this proceeding, which has been pending for several years, the Trustees' concerns about the potential preclusive effect of an oral ruling yet to be issued by the court were too speculative to justify a protective order (*Arch Ins. Co. v Delric Constr. Co., Inc.*, 174 AD3d 560 [2d Dept 2019] [conclusory assertions insufficient to warrant issuance of protective order]). Granting such relief would only further delay the conclusion of discovery (*cf. Spancrete Northeast, Inc. v Travelers Indem. Co.*, 99 AD2d 623, 624 [3d Dept 1984] [protective order not available as "a device of bringing on a last-minute motion to avoid previously scheduled disclosure"]).

Finally, the court determined that, even if the outcome of the Estate Accounting might bear on the resolution of certain objections in this proceeding, the Trustees have not shown that the Depositions would fail to yield relevant information (*see e.g. Pyfrom v Tishman Const. Co. of New York*, 270 AD2d 24, 24 [1st Dept 2000] [protective order not warranted where discovery is not unreasonable or improper]; *see also Norddeutsche Landesbank Girozentrale v Tilton*, 165 AD3d 447 [1st Dept 2018]). Notably, because the time periods of the accountings for the Marital Trust and the Estate do not overlap completely, the Trustees' actions during the period covered by the Depositions would necessarily differ from the time frame at issue in the Estate Accounting.

3

[* 3]

For all these reasons, the court denied the Trustees' motion for a protective order pursuant to CPLR 3103(a) and directed that the Depositions should proceed as scheduled unless otherwise agreed to by the parties in writing.

As for Patricia's proposed cross-motion, brought by order to show cause, which sought to lift the automatic discovery stay imposed under CPLR 3103(b) upon the filing of a motion for a protective order, in view of the court's denial of the Trustees' motion, the stay is no longer in effect, and the court declined to issue the proposed order to show cause as unnecessary.

This decision, together with the transcript of the October 28, 2025 proceedings, constitutes the order of the court.

The Clerk of the Court shall email this Decision and Order to the parties listed below.

Dated: December 12, 2025

_____
SURROGATE

for Petitioners:       Anne Bederka, Esq., at abederka@gss-law.com

for Objectant:        Michael Hiller, Esq., at mhiller@hillerpc.com; and
                      Hillary Frommer, Esq., at hfrommer@ef-law.com

4

[* 4]