**NOT FOR PUBLICATION WITHOUT THE**
**APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-0958-17T2

G.Y.,

    Plaintiff-Respondent,

v.

COUNTY OF ATLANTIC,
ATLANTIC COUNTY
CORRECTIONS FACILITY,
and CORRECTIONS OFFICER
ONTARA,

    Defendants-Appellants.

_____

        Submitted October 16, 2018 – Decided December 10, 2018

        Before Judges Suter and Geiger.

        On appeal from Superior Court of New Jersey, Law Division, Atlantic County, Docket No. L-1349-17.

        James F. Ferguson, Atlantic County Counsel, attorney for appellants (James T. Dugan, Assistant County Counsel, on the brief).

        David R. Castellani, attorney for respondent.

PER CURIAM

Defendant County of Atlantic appeals the order that granted a motion by plaintiff G.Y. to file a late notice of tort claim under Title 59 for an alleged sexual assault while she was incarcerated at an Atlantic County facility.[1] We agree with defendant that the trial court mistakenly exercised its discretion because the record before it did not demonstrate the "extraordinary circumstances" required under N.J.S.A. 59:8-9 to file a late notice of tort claim. Accordingly, we reverse the trial court's order.

Plaintiff was incarcerated in Atlantic County on a bench warrant issued for bail forfeiture on pending criminal charges. She was represented on those charges by a public defender. Plaintiff alleges on October 7, 2016, an Atlantic County sheriff's officer sexually assaulted her by forcing her "to give him oral sex in the stairwell of the Atlantic County Justice Facility." She reported this within forty-eight hours to the sheriff's department internal affairs division, and received medical treatment at a local hospital including a rape kit. Plaintiff was transferred to Cape May County Justice Facility on October 11, 2016 where she alleges she was placed in protective custody.[2] She was released from jail on January 13, 2017.

---

[1] Under Rule 2:2-3(a)(3) an order granting or denying a motion to extend time to file a notice of tort claim is deemed a final judgment for appeal.

[2] Defendant alleges plaintiff was not in protective custody.

Plaintiff did not file a notice of tort claim while she was incarcerated. She claims she was not aware she had to file "any other type of [n]otice of [c]laim or otherwise" about the assault.

On February 3, 2017, plaintiff retained an attorney, who informed her she had to file a tort claim notice within ninety days of the assault. In April 2017, that same attorney wrote to the warden of the Atlantic County facility about plaintiff's claim, requesting the preservation of any video film of the incident. He received a tort claims questionnaire in response. In May 2017, plaintiff's attorney served defendant with a notice of tort claim, but without first obtaining permission of the court for this late notice. In it, plaintiff claimed her injuries included "assault, battery, severe emotional distress, mental anguish, embarrassment, shock, [and] humiliation."

On June 21, 2017, plaintiff filed a motion to file a late claim. She claimed

> the traumatic nature of this incident, being a sexual assault, [her] immediate notification of the incident to the Internal Affairs branch of the Atlantic County Sheriff's Department, and [her] immediate transfer to the Cape May County Justice Facility in protective custody under the Prison Rape Enforcement Act all constituted extraordinary circumstances and prevented [her] from filing a formal Tort Claim Notice within the ninety (90) day period.

A-0958-17T2

She alleged defendant was not substantially prejudiced because defendant was "immediately notified and had conducted investigations and also interviewed witnesses, [and a] rape kit was completed . . . ." Defendant opposed the motion.

The trial court granted plaintiff's motion, finding the facts as we have related them. The court found exceptional circumstances existed to permit a late notice because there was no reason plaintiff should have thought to contact her criminal public defender "regarding what amount[s] to civil damages from plaintiff's incarceration conditions." Although she may have had access to legal resources at the county facility, a lay person would not have known about the statutory ninety-day deadline. Because the alleged assault was by a County staff member, the court found "understandably" there could "be reason for . . . hesitance on plaintiff's part to confide in and seek help from staff at the Cape May facility once she transferred." The court noted the conditions of her protective custody were not explained and the court could not make "blind assumptions" about plaintiff's options. Once released, plaintiff "quickly" contacted an attorney. The investigation of plaintiff's claim was "timely instigated." The court found defendant should not be unduly prejudiced by granting plaintiff permission to file a late tort claim notice.

On appeal, defendant argues that plaintiff has not alleged nor demonstrated extraordinary circumstances under N.J.S.A. 59:8-9 to file a late

4 <span>A-0958-17T2</span>

notice of tort claim. It asserts plaintiff's notice was not filed within a reasonable time after she learned about the ninety-day deadline, resulting in substantial prejudice to its defense of her claim. Defendant claims the court abused its discretion by granting plaintiff's motion to file a late tort claim notice because it did not comply with the statutory standards under N.J.S.A. 59:8-9.

We review an order granting permission to file a late tort claim notice under an abuse of discretion standard and will sustain it on appeal absent a showing of an abuse thereof. McDade v. Siazon, 208 N.J. 463, 476-77 (2011) (citing Lamb v. Global Landfill Reclaiming, 111 N.J. 134, 146 (1988)). "Although deference will ordinarily be given to the factual findings that undergird the trial court's decision, the court's conclusions will be overturned if they were reached under a misconception of the law." D.D. v. Univ. of Med. & Dentistry of N.J., 213 N.J. 130, 147 (2013) (citing McDade, 208 N.J. at 473-74).

N.J.S.A. 59:8-8 requires a plaintiff to file a notice of claim upon a public entity "not later than the ninetieth day after accrual of the cause of action." McDade, 208 N.J. at 468 (quoting N.J.S.A. 59:8-8). Claimants "shall be forever barred from recovering against a public entity" if, among other things, the claimant "fail[s] to file [the] claim with the public entity within [ninety] days of accrual of [the] claim except as otherwise provided in N.J.S.A. 59:8-9[.]" N.J.S.A. 59:8-8(a). "The purpose of the ninety-day deadline is to 'compel a

claimant to expose his intention and information early in the process in order to permit the public entity to undertake an investigation while witnesses are available and the facts are fresh.'" D.D., 213 N.J. at 146 (quoting Lutz v. Twp. of Gloucester, 153 N.J. Super. 461, 466 (App. Div.1977)).

Under N.J.S.A. 59:8-9, a claimant can file a motion to submit a late notice of tort claim "within one year after the accrual of the cause of action," if there are "'sufficient reasons constituting extraordinary circumstances' for the claimant's failure to timely file" a notice of claim within the statutory ninety-day period, and if "the public entity [is not] 'substantially prejudiced' thereby." McDade, 208 N.J. at 476-77 (quoting N.J.S.A. 59:8-9). This requires a "fact-sensitive analysis of the specific case." Id. at 478. "The 'extraordinary circumstances' language was added by amendment in 1994 . . . to 'raise the bar for the filing of late notice from a fairly permissive standard to a more demanding one.'" Leidy v. Cty of Ocean, 398 N.J. Super. 449, 456 (App. Div. 2008) (quoting Beauchamp v. Amedio, 164 N.J. 11, 118 (2000)); see D.D., 213 N.J. at 148. In D.D., the Court held when "engaging in the analysis of extraordinary circumstances, the court's focus must be directed to the evidence that relates to plaintiff's circumstances as they were during the ninety-day time period, because that is the time during which the notice should have been filed." Id. at 151. The court cannot "substitute a lesser standard of proofs for the

6

extraordinary circumstances demanded by the 1994 amendment to the statute itself." Id. at 148.

Ignorance of the ninety-day requirement is not extraordinary circumstances. Id. at 156; O'Neil v. City of Newark, 304 N.J. Super. 543, 552 (App. Div. 1997). Nor is the fact that the claimant was not advised of the ninety-day requirement adequate to find extraordinary circumstances. D.D., 213 N.J. at 156. Attorney inattention does not constitute extraordinary circumstances. Ibid. We cannot agree that an attorney's inattention to a file, or even ignorance of the law, equates with extraordinary circumstances for tort claims purposes. See Zois v. N.J. Sports & Exposition Auth., 286 N.J. Super. 670, 674 (App. Div. 1996) (observing that attorney inattention might have sufficed under pre-1994 statute but could not meet extraordinary circumstances test).

D.D. rejected the substantial compliance approach to analyzing whether to grant a late notice of a tort claim where oral notice was provided. D.D., 213 N.J. at 160-61. Instead, the court stated "there is no basis to extend the substantial compliance theory so as to relieve plaintiffs of their obligation to comply with the statute's requirement that they file a notice, and that it be in writing." Ibid.

A late notice of claim is not permitted where the public entity will be substantially prejudiced. However, "it is the public entity that has the burden of

coming forward and of persuasion on the question of [substantial] prejudice." Blank v. City of Elizabeth, 318 N.J. Super. 106, 114 (App. Div. 1999). "The fact of delay alone does not give rise to the assumption of prejudice; the public entity must present a factual basis for the claim of substantial prejudice." Mendez v. S. Jersey Transp. Auth., 416 N.J. Super. 525, 535-36 (App. Div. 2010) (citing Kleinke v. City of Ocean City, 147 N.J. Super. 575, 581 (App. Div. 1977).

In this case, the trial court erred by granting the application to file a late tort claim notice because the record before it did not show extraordinary circumstances. Plaintiff's proffered reasons for claiming extraordinary circumstances were the "traumatic nature of the incident, being a sexual assault," that she immediately notified the Sheriff's Department of the incident, and that she was promptly transferred to the Cape May facility in protective custody.[3] She did not make the claim that her medical or emotional condition was "severe, debilitating or uncommon." D.D., 213 N.J. at 150. She submitted no medical or psychological treatment records. She did not allege she was physically, mentally or emotionally incapable of filing a claim while incarcerated. Plaintiff

---

[3] Plaintiff alleged this was based on the Prison Rape Elimination Enforcement Act, 42 U.S.C.A. §§15601 to 15609, transferred to 34 U.S.C.A. §§30301 to 30309. That legislation adopted a zero tolerance standard for incidents of prison rape. It did not address a requirement of protective custody. See 34 U.S.C.A. § 30302.

claimed she was in "protective custody," but she did not allege she had a lack of access to the law library, her public defender or other attorneys. Protective custody does not restrict the right of an inmate to meet with, talk to, or write to an attorney. See N.J.A.C. 10A:31-18.6.

The trial court made factual assumptions that were not supported in the record. There was no evidence, for instance, that plaintiff claimed she did not think to contact her criminal public defender or that she was hesitant to confide in or seek help once she transferred. The trial court simply assumed this was the case.

Plaintiff retained an attorney shortly after her release from incarceration. The tort claim notice was not filed for five more months. There is nothing in the record to explain that delay.

Plaintiff alleges a lack of prejudice because she notified the sheriff's department within forty-eight hours of the incident, she went to the hospital and a rape kit was administered. However, because there was no notice by her that she was filing a tort claim, there was no indication there was further investigation about her claim.

The trial court mistakenly exercised its discretion by granting this motion because plaintiff did not show extraordinary circumstances as required under N.J.S.A. 59:8-9 to file a late notice of tort claim.

 A-0958-17T2

Reversed.

I hereby certify that the foregoing
is a true copy of the original on
file in my office.

CLERK OF THE APPELLATE DIVISION

A-0958-17T2